◼ In the Matter of the Arbitration between RICHARD R. DAWSON, Respondent, and GENERAL MOTORS CORPORATION, CHEVROLET DIVISION, Appellant.—Mahoney, P. J.

On March 18, 1988, after experiencing repeated problems with his 1988 Chevrolet truck, petitioner filed a request for arbitration with the Attorney-General pursuant to General Business Law § 198-a (the New Car Lemon Law). After a hearing before an assigned arbitrator, it was determined that petitioner was entitled to relief and respondent was directed to pay a refund of $12,466. However, the arbitrator denied petitioner's request for counsel fees and failed to address the issues of prejudgment interest and whether the payment would be in exchange for title to the vehicle. Further, when petitioner demanded payment, he was informed that due to a mistake by the arbitrator a $500 rebate given to petitioner at the time of purchase would be deducted from the ordered refund.

When respondent refused to pay the entire amount of the award, petitioner commenced this CPLR article 75 proceeding

seeking confirmation of the award, counsel fees and the statutory penalty for noncompliance *(see,* General Business Law § 198-a [h]). Since the American Arbitration Association had previously denied respondent's request for modification of the award based on the inclusion of the rebate in the total price of the vehicle, respondent tendered the full amount of the award less statutory interest and penalties. Following petitioner's refusal of its offer, respondent submitted its answer, objections in point of law and counterclaim to the petition for confirmation. In its answer, respondent also requested confirmation of the arbitration award. Supreme Court confirmed the award and directed petitioner to submit an order. The order, dated November 14, 1988, confirmed the award, directed respondent to pay $12,446 plus interest computed from the date petitioner requested arbitration and reserved decision on other issues. Respondent filed a notice of appeal from that order.

On December 27, 1988, respondent moved to renew, reargue or resettle the November 14, 1988 order. On the same day Supreme Court issued a second order addressing the remaining issues raised in the petition. The court granted petitioner's request for counsel fees in the total amount of $2,508 ($900 for the arbitration and $1,608 for the CPLR article 75 proceeding) and fined respondent $325 for 13 business days of noncompliance with the arbitrator's award. Respondent appeals from that order.

Thereafter, respondent moved by order to show cause for a stay of execution of both orders pending a hearing on its motion to renew, reargue or resettle the orders and a partial judgment entered by petitioner. The stay was granted. After argument, Supreme Court directed that title to the vehicle be tendered in exchange for payment of the arbitrator's award and denied respondent's motion to renew, reargue and resettle the December 27, 1988 order which dealt with the award of counsel fees, statutory penalties and interest. Respondent also appeals from that order.

As to petitioner's entitlement to counsel fees, it is enough to note that General Business Law § 198-a *(l)* provides that "[a] court may award reasonable attorney's fees * * * to a consumer who prevails in any judicial action or proceeding arising out of an arbitration proceeding held pursuant to subdivision (k) of this section". The literal meaning of the statute is clear. When a party is required to seek judicial relief following arbitration and "prevails" in the judicial proceeding, reasonable counsel fees for the judicial proceeding may be awarded. Accordingly, Supreme Court's award of $900 in

counsel fees for the arbitration proceeding was error and must be deducted from the total counsel fee award of $2,508, leaving the sum of $1,608 as the amount for petitioner's counsel fees for the CPLR article 75 proceeding.

We also disagree with the imposition of penalties by Supreme Court. While General Business Law § 198-a (h) provides that "[a] manufacturer shall have up to thirty days from the date the consumer notifies the manufacturer of his or her acceptance of the arbitrator's decision to comply with the terms of that decision", it is unclear when the commencement of the 30-day period begins to run where, as here, there are objections to the award. In such instances the court must resolve the contentions of the parties to ascertain when the 30-day period commences to run. Our examination of this issue compels us to conclude that the period commences after objections to the award have been finally disposed of (see, Matter of Belli [Bender & Co.], 24 AD2d 72, 73), which occurred when the arbitrator, by decision dated August 12, 1988, declined to modify his prior decision. Accordingly, respondent's tender of payment in the amount of the arbitrator's award before September 11, 1988 was timely. It follows, therefore, that Supreme Court's imposition of a penalty upon respondent for noncompliance must be reversed.

Finally, we also disagree with Supreme Court's award of interest computed from the date the request for arbitration was filed. Relief under General Business Law § 198-a must be strictly construed as a statutory right and cause of action (cf., Iannotti v Consolidated Rail Corp., 74 NY2d 39, 46; Maxwell v State Farm Mut. Auto. Ins. Co., 92 AD2d 1049, 1050). In the absence of any statutory basis for prejudgment interest, Supreme Court improperly made such an award. In view of our determinations, the appeal from the order entered February 14, 1989 is academic.

Order entered November 21, 1988 modified, on the law, without costs, by reversing so much thereof as awarded interest from March 18, 1988, and, as so modified, affirmed.

Order entered December 27, 1988 modified, on the law, without costs, by reversing so much thereof as awarded petitioner $900 counsel fees for the underlying arbitration and imposed a $325 penalty upon respondent for noncompliance with the arbitration award, and, as so modified, affirmed.

Appeal from the order entered February 14, 1989 dismissed, as academic, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.