906 So.2d 1154 (2005)
Sandra H. LAND, Appellant,
v.
GENERAL MOTORS CORPORATION, Appellee.
No. 4D04-1970.
District Court of Appeal of Florida, Fourth District.
June 22, 2005.
Rehearing Denied August 12, 2005.
Rebecca J. Covey of the Law Offices of Rebecca J. Covey, P.A., Fort Lauderdale, for appellant.
David B. Shelton and Charles P. Mitchell of Rumberger, Kirk & Caldwell, P.A., Orlando, for appellee.
PER CURIAM.
Land appeals an order granting summary judgment to General Motors in this case involving purported defects in a 1999 Pontiac Firebird. The lower court determined Land's attempt to appeal an arbitration decision was insufficient to confer jurisdiction on the court, thus requiring the arbitration decision to become final and binding on the parties. We affirm on all grounds and write merely to explain why Land's actions were insufficient to allow the case to proceed to the jury.
After purchasing the vehicle, Land complained of several defects and returned the vehicle several times to the dealership for *1155 repairs. Eventually, Land sought a hearing before the Better Business Bureau but received no relief. Next, Land sought arbitration as required by Florida's so-called "Lemon Law." § 681.109(2), Fla. Stat. (2002). Again, Land was unable to gain the relief requested. Within 30 days of receiving notification of the adverse arbitration decision, Land filed a complaint in the circuit court. Land's attorney made the tactical decision, by her own admission, to exclude from the complaint any reference to arbitration or trial de novo. In all relevant respects, the complaint appeared no different from an initial complaint in any standard action.
Section 681.1095(12), Florida Statutes, describes the manner in which a Lemon Law arbitration decision can be appealed. The law requires "[a]n appeal of a decision by the board to the circuit court by a consumer or manufacturer shall be by trial de novo. In a written petition to appeal a decision by the board, the appealing party must state the action requested and the grounds relied upon for the appeal." § 681.1095(12), Fla. Stat. This Court has stated, in T.A. Enterprises, Inc. v. Olarte, Inc., 835 So.2d 1235 (Fla. 4th DCA 2003), "[t]he civil action contemplated by chapter 681 is a proceeding to review the correctness of the arbitration decision in a trial de novo." Id. at 1240. If the language of the statute is to be given its reasonable meaning, it surely requires, as a minimum, the appealing party to in some way inform the court and the opposing party that an arbitration decision had been rendered and "must state the action requested," that being a trial de novo to review the correctness of the arbitration decision. See id.; § 681.1095(12), Fla. Stat. In the instant case, Land's initial complaint did neither, thus the lower tribunal correctly determined Land did not properly appeal the arbitration decision which then became binding and final. § 681.1095(10), Fla. Stat. ("A decision is final unless appealed by either party . . . [by] petition to the circuit court . . . within 30 days after receipt of the decision.").
As to Land's two remaining arguments, we find no error in the lower tribunal's conclusions that Land violated the rule against splitting of causes of action. Land sought relief by seeking remedies under section 681.112[1] of the Florida Lemon Law and seeking remedies under the federal Magnuson-Moss Warranty Act. Once the initial arbitration decision became final and binding, Land was unable to seek new avenues of relief for the same *1156 wrongful acts of General Motors. See generally Tyson v. Viacom, Inc., 890 So.2d 1205, 1210-11 (Fla. 4th DCA 2005) ("The rule [against splitting causes of action] provides that: `[A]s a general rule the law mandatorily requires that all damages sustained or accruing to one as a result of a single wrongful act must be claimed and recovered in one action or not at all.'") (citations omitted) (en banc). The instant case is clearly distinguishable from Tyson; here, there is but one alleged wrongful act common to all the claims raised by Land, whereas "Tyson's three claims plainly are not based on `a single group of operative facts.'" Id. at 1211.
Affirmed.
GUNTHER, POLEN and HAZOURI, JJ., concur.
NOTES
[1] It appears Land's reliance on section 681.112, Florida Statutes, is misplaced, despite this Court's opinion in King v. King Motor Co. of Fort Lauderdale, 780 So.2d 937 (Fla. 4th DCA 2001). Land relies on the part of the opinion where this Court wrote that a section 681.112 action could be brought when "a warranty violation under section 681.103. . . does not rise to the level of a `nonconformity' under section 681.104 because it does not substantially impair the use, value or safety of a motor vehicle within the meaning of section 681.102(16)." Id. at 941. However, a studied review of the statutory language does not suggest that the Legislature intended for damages to be paid where minor or insignificant defects do not rise to the level of section 681.102(16), at least not through section 681.103. Instead, a reasonable interpretation of section 681.103 reveals that actions arise where the manufacturer wrongly requires a buyer to pay for covered repairs, where the manufacturer fails to provide a copy of the warranty and sufficient contact information, where the manufacturer fails to clearly explain how the buyer can file a claim, and where the manufacturer fails to provide a fully itemized repair order, including the amount of road testing performed. § 681.103(1)-(4), Fla. Stat. None of these potential violations of the statute were alleged in the complaint, thus it appears Land had no proper cause of action under section 681.103, by way of section 681.112, despite Land's interpretation of this Court's opinion in King.