914 So.2d 451 (2005)
Matthew BURNS, Appellant,
v.
DAIMLERCHRYSLER CORPORATION, Appellee.
No. 4D04-3095.
District Court of Appeal of Florida, Fourth District.
October 5, 2005.
Rehearing Denied December 8, 2005.
*452 Alex E. Weisberg and Theodore F. Greene III of Krohn & Moss, Ltd., Sunrise, for appellant.
Gregory A. Anderson and Edward J. Welch of Anderson, St. Denis & Glenn, P.A., Boca Raton, for appellee.
POLEN, J.
Appellant, Matthew Burns, appeals the trial court's final order granting Appellee's, DaimlerChrysler's ("Chrysler"), motion for summary judgment in Burns's action brought under the Magnuson Moss Warranty Act. The trial court ruled that Burns's suit was barred by res judicata and collateral estoppel. For the reasons set out below, we reverse and remand.
This case began with Burns's purchase of a brand new 2001 Jeep Cherokee from his local Chrysler dealership. Burns experienced mechanical problems with the Jeep soon after the purchase. The Jeep came with a standard 3 year/36,000 mile warranty, but after numerous visits to the dealership and repeated, unsuccessful attempts to fix the Jeep, Burns sought legal recourse. Burns filed a request for arbitration with the Lemon Law Arbitration Board ("the Board"), pursuant to section 681.1095, Florida Statutes.[1] Burns also filed a lawsuit against Chrysler in circuit court under the Magnuson Moss Warranty Act. See 15 U.S.C. § 2310 et seq. Chrysler filed a Motion to Dismiss the Magnuson Moss claim, and the trial court converted Chrysler's Motion to Dismiss into a Motion to Stay the Proceedings, pending resolution of Burns' Lemon Law arbitration.
On March 5, 2003, the Board conducted a hearing on Burns's Lemon Law claim, and determined that the Jeep was a "Lemon" within the meaning of section 681.102, Florida Statutes. The Board issued its final order on March 11, 2003, awarding Burns a total of $16,698.00, after deducting $7,179.64 as offset for Burns's use of the Jeep.
*453 Following the resolution of his Lemon Law action, Burns filed a Motion to Reinstate Case to continue his Magnuson Moss action. The trial court granted the motion, and Burns filed an Amended Complaint. Burns did not wish to appeal the Board's decision in his favor, but sought additional damages under 15 U.S.C. § 2310. Burns asked for damages in the form of:
1) All incidental and consequential damages incurred;
2) All reasonable attorneys' fees, witness fees and all court costs and other fees incurred; and
3) Such other and further relief that the court deems just and appropriate.
Chrysler filed a Motion to Dismiss, and the trial court denied the motion. Chrysler then filed a Motion for Summary Judgment. The trial court granted Chrysler's Motion for Summary Judgment, holding that the Magnuson Moss claim was barred by the doctrines of res judicata and collateral estoppel. The court found that Burns was required to request the Board to award the damages sought in the Magnuson Moss action. The court found that Burns was barred from continuing with his Magnuson Moss claim because he had failed to litigate all possible matters before the Board.
The doctrine of res judicata applies to a cause of action when there is a judgment on the merits, rendered in a former suit between the parties, on the same cause of action, by a court of competent jurisdiction. See Florida Dep't. of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001). Such a judgment is conclusive as to every matter offered to support or defeat the claims, and also to every matter that might have been litigated and determined in that action. Id. For res judicata to apply, there must be four identities: (1)identity of thing sued for, (2)identity of cause of action, (3)identity of persons and parties to the action, and (4)identity of quality or capacity of persons for or against whom the claim is made. See Tyson v. Viacom, 890 So.2d 1205 (Fla. 4th DCA 2005). The doctrine of collateral estoppel operates to prevent identical parties from re-litigating identical issues that have been determined in a prior litigation. State v. McBride, 848 So.2d 287, 290 (Fla.2003). Collateral estoppel bars a claim only when the issues have been fully litigated and decided in a court of competent jurisdiction. Id. at 291.
The Lemon Law Arbitration Board is a creature of statute, created by section 681.1095, Florida Statutes. As such, the Board's authority must be strictly construed by reference to the statute. See Hanley v. Kajak, 661 So.2d 1248 (Fla. 4th DCA 1995). The statute authorizes the Board to hear Lemon Law claims; the statute does not authorize the Board to hear any additional consumer claims. See § 681 et seq, Fla. Stat. Further, section 681.112(3), Florida Statutes, states: "This chapter does not prohibit a consumer from pursuing other rights or remedies under any other law." A Magnuson Moss claim is clearly brought under a law other than Florida's Lemon Law Act, and can be brought "in any court of competent jurisdiction in any state. . . ." See 15 U.S.C. § 2310(d)(1). Based on these statutory provisions, we find that the Lemon Law Arbitration Board is not authorized to hear Magnuson Moss claims.
The trial court indicated that Burns could have brought his claim for attorney fees before the Board. The Board is clearly limited in the types of damages it can award. The Board is authorized to award either a refund of the full purchase price, less reasonable offset for use, or order the manufacturer to replace *454 the motor vehicle. See § 681, et seq, Fla. Stat. Nowhere does Florida's Lemon Law Act indicate that the Board is authorized to award attorney fees. In fact, attorney fees are mentioned only in reference to a circuit court upholding a Board decision awarding consumer damages on appeal. See § 681.1095(13), Fla. Stat. In Charbonneau v. Morse Operations, Inc., this court stated: "[W]e note that it is well settled that an arbitrator has no authority to award attorney's fees absent an express waiver of the limitation contained in section 682.11." 727 So.2d 1017, 1020 (Fla. 4th DCA 1999). The statute reads, in relevant part, "Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." § 682.11, Fla. Stat. (emphasis added). Neither Burns nor Chrysler waived these limitations. It is apparent that the Board is limited to awarding damages in the form of repairs or refunds. If the Board is not authorized to give these types of damages, it follows that an individual cannot ask the Board to award such damages, and cannot be subsequently punished for failure to bring such a claim before the Board.
This court recently affirmed a dismissal of a Lemon Law claim coupled with a Magnuson Moss claim. In Land v. General Motors Corp., the lower court determined Land's attempt to appeal an arbitration decision was insufficient to confer jurisdiction on the court, thus requiring the arbitration decision to become final and binding on the parties. 906 So.2d 1154 (Fla. 4th DCA 2005). Section 681.1095(12), Florida Statutes, requires "[a]n appeal of a decision by the board to the circuit court by a consumer or manufacturer shall be by trial de novo. In a written petition to appeal a decision by the board, the appealing party must state the action requested and the grounds relied upon for the appeal." In upholding the trial court's decision, this court stated, "If the language of the statute is to be given its reasonable meaning, it surely requires, as a minimum, the appealing party to in some way inform the court and the opposing party that an arbitration decision had been rendered and `must state the action requested,' that being a trial de novo to review the correctness of the arbitration decision." Land, 906 So.2d at 1155. Rather than appealing the Board's adverse decision, Land had simply filed another Lemon Law claim with the circuit court, added a Magnuson Moss claim, and "neglected" to inform the court of the Board's previous negative decision. Id. The trial court dismissed the Lemon Law claim and also dismissed the Magnuson Moss claim, finding that Land had impermissibly split her causes of action.[2]Id. This court upheld the dismissal, finding that since Land failed to appeal the Board's decision by timely seeking a trial de novo, Land was barred from seeking new avenues of relief for the same wrongful acts of General Motors. Id.
We find that our holding in Land v. General Motors Corp. is limited to the specific facts of that case and is distinguishable from the instant case. While Land failed to notify the court of a negative Board decision, and failed to properly appeal the decision, the court in this case was aware at all times of Burns's Lemon Law arbitration and its outcome. Further, Burns was not seeking the same damages he could have received in a Lemon Law *455 Arbitration. As noted above, the damages sought in the Magnuson Moss action were different and additional to those received in Burns's Lemon Law award. Burns was not trying to "double dip" with his Magnuson Moss action.
We reverse the trial court's grant of summary judgment, finding that Burns's Magnuson Moss action is not barred by the doctrines of res judicata and collateral estoppel. These doctrines are inapplicable to this case because the Lemon Law Board lacks the authority to hear a Magnuson Moss claim and to award the damages authorized by 15 U.S.C. § 2301 et seq.
STEVENSON, C.J., and CROW, DAVID F., Associate Judge, concur.
NOTES
[1] The statute states, in relevant part, "Before filing a civil action on a matter subject to s. 681.104, the consumer must first submit the dispute to the division, and to the board if such dispute is deemed eligible for arbitration." § 681.1095(4), Fla. Stat. (2002).
[2] Land's Magnuson Moss claim was an alternative attempt to recover the damages that she would have received had she been successful in the prior Lemon Law arbitration.