931 So.2d 970 (2006)
Joseph GELINAS, Appellant,
v.
FOREST RIVER, INC., Appellee.
No. 4D05-2656.
District Court of Appeal of Florida, Fourth District.
May 24, 2006.
Rehearing Denied July 18, 2006.
*971 Patrick S. Cousins of Cousins Law Firm, P.A., West Palm Beach, for appellant.
John J. Glenn and Jeffrey L. Smith of AndersonGlenn, LLC, Ponte Vedra Beach, for appellee.
GUNTHER, J.
Joseph Gelinas appeals the entry of a final judgment awarding Forest River, Inc. *972 attorney's fees and costs. This award was entered based on a proposal for settlement following the trial court's granting of a summary judgment in favor of Forest River on Gelinas's claims for recovery under Florida Statutes section 681.112. We reverse.
Gelinas filed suit against Forest River under section 681.112 to recover pecuniary losses, litigation costs, and reasonable attorney's fees stemming from the purchase of a 1999 Forest River 2465 Georgetown Recreational Vehicle. The RV had previously been determined to be a "lemon" by the Florida New Motor Vehicle Arbitration Board, which awarded Gelinas a refund of $40,391.80 following an offset for his use of the RV.
Forest River filed a motion to dismiss Gelinas's complaint. Forest River claimed that section 681.112 did not permit Gelinas to bring a "subsequent legal action for recovery of attorney fees and costs incurred in the underlying arbitration." In a subsequent memorandum of law in support of the motion to dismiss, Forest River asserted that Gelinas was not entitled to recover pecuniary losses, litigation costs, or attorney's fees under section 681.112.
The trial court denied Forest River's motion to dismiss. The trial court concluded that Gelinas's lawsuit was authorized under section 681.112 and King v. King Motor Co. of Fort Lauderdale, 780 So.2d 937 (Fla. 4th DCA 2001).
Thereafter, Forest River filed a motion for summary judgment on all claims raised in Gelinas's complaint. Forest River asserted that Gelinas's complaint failed to state a cause of action under section 681.112 for several reasons prohibiting the recovery of attorney's fees and costs and pecuniary losses for the underlying arbitration.
Gelinas filed a memorandum of law in opposition to summary judgment. Gelinas asserted that the summary judgment motion was duplicative of the motion to dismiss that was rejected by the trial court, and that section 681.112 supported recovery of the damages sought by him.
The trial court entered an order granting Forest River's motion for summary judgment. The trial court concluded:
The Court finds that Chapter 681, Florida Statutes, does not authorize a trial court to award a plaintiff the attorney's fees he or she incurred during the arbitration of his or her claim before the Florida New Motor Vehicle Arbitration Board. If the Florida Legislature intended for the recovery of such damages, it would have so provided in the statute.
Gelinas filed a motion for clarification of the trial court's order granting summary judgment. Gelinas requested clarification because he believed that the order granted a partial summary judgment as to the attorney's fees and costs claimed, without addressing the other damages sought by him. The trial court denied the motion for clarification.
Following nearly a year-and-a-half of continued prosecution, Gelinas filed a voluntary dismissal of his claims against Forest River. Thereafter, Forest River filed a motion for entry of final judgment based on the summary judgment. Forest River also filed a motion for attorney's fees and costs based on a proposal for settlement rejected by Gelinas. The proposal for settlement was in the amount of $5,000 and included an attached General Release and Confidentiality Agreement. Gelinas objected to Forest River's motion for attorney's fees and costs on the ground that it was moot following the voluntary dismissal.
*973 The trial court entered an Order Granting Defendant's Motion for Entitlement to Attorney's Fees and Costs. The trial court found that the case was resolved by summary judgment and voluntary dismissal and that Forest River was entitled to attorney's fees and costs based on the proposal for settlement. The trial court entered a final judgment in favor of Forest River and awarded it $15,360 in attorney's fees and costs.
First, we address Gelinas's second issue on appeal: whether the trial court erred by holding that the Lemon Law arbitration and refund barred recovery of attorney's fees and costs and other pecuniary losses in a separate action under section 681.112. The standard of review applicable to orders on summary judgment is de novo. See Sec. Nat'l Serv. Corp. v. Law Office of David J. Stern, P.A., 916 So.2d 934, 936 (Fla. 4th DCA 2005). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
As a preliminary matter, we note that this issue was not waived by Gelinas's filing of a voluntary dismissal. This is the case because the voluntary dismissal was a nullity. See Fla. R. Civ. P. 1.420(a)(1) ("Except in actions in which property had been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision."); Stonely v. Moore, 851 So.2d 905, 906 (Fla. 3d DCA 2003) (notice of voluntary dismissal filed after summary judgment hearing was a nullity). In the case at bar, the summary judgment hearing took place and the motion for summary judgment was granted prior to Gelinas's filing of the voluntary dismissal. As a result, the voluntary dismissal was a nullity and this issue on appeal was not waived.
Additionally, this case does not involve a partial summary judgment. Forest River's motion for summary judgment was addressed to Gelinas's entire complaint. Furthermore, the summary judgment order granted the motion for summary judgment without qualification, so that the trial court clearly granted the motion addressing the full complaint in its entirety. Therefore, there is no jurisdictional bar to Gelinas's appeal.
With these preliminary matters resolved, we turn to the heart of the issue. Section 681.112 provides:
(1) A consumer may file an action to recover damages caused by a violation of this chapter. The court shall award a consumer who prevails in such action the amount of any pecuniary loss, litigation costs, reasonable attorney's fees, and appropriate equitable relief.
(2) An action brought under this chapter must be commenced within 1 year after the expiration of the Lemon Law rights period, or, if a consumer resorts to an informal dispute-settlement procedure or submits a dispute to the division or board, within 1 year after the final action of the procedure, division, or board.
(3) This chapter does not prohibit a consumer from pursuing other rights or remedies under any other law.
Gelinas contends that this statute contemplates suits for recovery outside of the arbitration process and not based on Lemon Law theories of recovery. Gelinas further asserts that this contention is supported *974 by the legislative intent section of the Lemon Law, which indicates that "nothing in this chapter shall in any way limit or expand the rights or remedies which are otherwise available to a consumer under any other law." § 681.101, Fla. Stat.
Gelinas also relies on two cases from this Court to support his argument. The first case is King v. King Motor Co. of Fort Lauderdale, 780 So.2d 937 (Fla. 4th DCA 2001). King explores the scope of damages recoverable under section 681.112 and concludes that section 681.112 contemplates damages separately recoverable outside the refund or replacement remedy available from the Lemon Law arbitration board:
Section 681.112 provides for an action for damages caused by a statutory violation, apart from the replacement/refund remedy that is available by following the procedural pathway through arbitration contained in sections 681.109 and 681.1095. By requiring submission to the division and to arbitration, if appropriate, section 681.1095(4) guides consumers in the direction of the broadest remedy and the most streamlined procedure.
Section 681.112(1) uses the term "damages" and indicates that a prevailing consumer may recover "the amount of any pecuniary loss." When discussing the replacement/refund option, the statute uses the terms "refund," "replacement," "relief," and "compliance" with an arbitration decision. See §§ 681.104(2)(a), 681.1095(8) & (9), Fla. Stat. (2000). This difference in terminology indicates that the statute uses the term "damages" to mean something other than the replacement/refund option. As used in section 681.112(1), "damages" should be given its plain and ordinary meaning of pecuniary compensation recovered by a person who has suffered a loss caused by a violation of Chapter 681.
Section 681.112 thus allows for a Chapter 681 damages case in circumstances where a refund or replacement is not an option. Such circumstances might include: (1) a warranty violation under section 681.103 which does not rise to the level of a "nonconformity" under section 681.104 because it does not substantially impair the use, value, or safety of a motor vehicle within the meaning of section 681.102(16); (2) a violation of a provision of Chapter 681 other than sections 681.104 or 681.103, such as section 681.114, pertaining to the resale of returned vehicles; (3) where the refund/replacement remedy does not fully compensate the consumer, see Maserati Autos., Inc. v. Caplan, 522 So.2d 993, 996 (Fla. 3d DCA 1988); or (4) the situation presented in this case, where the consumer cannot take advantage of the refund/replacement option because he cannot furnish clear title to and possession of the motor vehicle.
Id. at 940-941.
The second case relied upon by Gelinas is Burns v. DaimlerChrysler Corp., 914 So.2d 451 (Fla. 4th DCA 2005), which was decided following the entry of final judgment in this case. In Burns, a consumer filed both a Lemon Law arbitration claim and a Magnuson-Moss Warranty Act lawsuit. Id. at 452. Following a determination by the arbitration board that the vehicle was a "lemon," the manufacturer moved for summary judgment on the Magnuson-Moss claims, and the trial court granted summary judgment based on res judicata and collateral estoppel. Id. at 452-453. In reversing, this Court noted that section 681.1095 authorizes the Lemon Law arbitration board to hear Lemon Law *975 claims, but not any additional claims. Id. at 453. This Court further noted that:
The Board is clearly limited in the types of damages it can award. The Board is authorized to award either a refund of the full purchase price, less reasonable offset for use, or order the manufacturer to replace the motor vehicle. Nowhere does Florida's Lemon Law indicate that the Board is authorized to award attorney fees.
Id. at 453-454.
Forest River responds that the attorney's fees and costs and pecuniary loss damages sought by Gelinas under section 681.112 are not recoverable. Forest River contends that this is the case for two reasons. First, based on Land v. General Motors Corp., 906 So.2d 1154 (Fla. 4th DCA 2005), Forest River asserts that by bringing claims for attorney's fees and costs and pecuniary losses under section 681.112 subsequent to arbitration, Gelinas impermissibly split his causes of action. In Land, a consumer filed a claim for Lemon Law arbitration, and when she did not receive the desired relief, she filed a lawsuit seeking both to appeal the arbitration board's decision and to obtain relief under section 681.112 and the Magnuson-Moss Warranty Act. Id. at 1155. This Court affirmed the trial court's conclusion that the arbitration board's decision was not timely appealed and that "[o]nce the initial arbitration decision became final and binding, Land was unable to seek new avenues of relief for the same wrongful acts of General Motors." Id. at 1155-1156. However, it should be noted that Land was limited to its facts by Burns, in which this Court wrote:
Further, Burns was not seeking the same damages he could have received in a Lemon Law Arbitration. As noted above, the damages sought in the Magnuson Moss action were different and additional to those received in Burns's Lemon Law award. Burns was not trying to "double dip" with his Magnuson Moss action.
Burns, 914 So.2d at 454-455.
Second, Forest River posits that Gelinas was required to seek recovery for his asserted attorney's fees and costs and pecuniary losses in the Lemon Law arbitration, because such claims are permitted by statute. For example, Forest River points to section 681.104(2)(a) which requires the refund or replacement of the "lemon" vehicle to take account of "all reasonably incurred collateral and incidental damages." See § 681.102(3), (8), Fla. Stat. (defining collateral and incidental charges). However, the damages sought by Gelinas are not of this type.
On this issue, we conclude that Gelinas was permitted to bring claims for attorney's fees and costs and pecuniary losses unrelated to refund or replacement of the vehicle in a lawsuit subsequent to Lemon Law arbitration via section 681.112. Based on its plain language, a section 681.112 claim seeks the recovery of damages, and a consumer that prevails by being deemed entitled to damages may receive attorney's fees and costs and compensation for pecuniary losses as part of a damages award. Gelinas's claims for pecuniary losses are of the type cognizable under section 681.112 based on King, because the claims address how the refund remedy of arbitration did not fully compensate Gelinas, so that although refund was an option, it was an inadequate option. Gelinas's claim for attorney's fees and costs is also cognizable under section 681.112, because where a consumer's vehicle has been deemed a "lemon" by the arbitration board, a violation of Chapter 681 has been found, and that consumer can seek attorney's fees and costs under section 681.112 because such cannot be sought *976 from the arbitration board, as explained in Burns.
Additionally, because this case does not involve facts identical to those in Land, we conclude that Land is not applicable to the case at bar, because it was limited to its facts by Burns. There are two significant differences between Land on one hand and Burns and the present case on the other hand. First, the vehicle in Land was not deemed a "lemon" by the arbitration board, while the vehicles in Burns and the present case were deemed "lemons." Second, the claims raised subsequent to arbitration in Land were the arbitration claims dressed in different clothing; the claims in Burns and the present case are entirely different claims from those raised in the arbitration, seeking relief that cannot be awarded in the arbitration. As a result, the scenario at bar does not involve impermissible splitting of causes of action (or any other type of preclusion) as in Land, and Gelinas was permitted to raise entirely new claims in the proceedings subsequent to the arbitration. This conclusion is supported by section 681.112(2) which contemplates bringing a separate action for unrecovered damages within one year of the arbitration board's decision.
Based on our consideration of King, Burns, and Land, we conclude that the trial court erred by granting Forest River's motion for summary judgment and entering final judgment, because section 681.112 authorizes the recovery of attorney's fees and costs and pecuniary losses not recoverable in a Lemon Law arbitration in a separate proceeding following such an arbitration. Therefore, we reverse and remand the final judgment.
Regarding the other issue raised by Gelinas, we also reverse the award of attorney's fees and costs to Forest River in the final judgment based on its proposal for settlement. Any award of attorney's fees and costs due to Forest River based on its proposal for settlement will need to be redetermined following remand based on which party prevails and the amount of recovery awarded.
In sum, we reverse and remand the final judgment in its entirety and direct the trial court to undertake further proceedings consistent with this opinion. Florida law permits Gelinas to bring a claim for attorney's fees and costs and pecuniary losses in a proceeding separate from Lemon Law arbitration under section 681.112. Additionally, any award of attorney's fees and costs to Forest River based on its proposal for settlement must be revisited following the consideration of Gelinas's claims under section 681.112.
Reversed and Remanded.
STEVENSON, C.J. and MAY, J., concur.