953 So.2d 695 (2007)
Hal D. HICKS, Appellant,
v.
Don HOAGLAND, as Receiver for Midwest Transit, Inc., Appellee.
No. 5D06-343.
District Court of Appeal of Florida, Fifth District.
April 5, 2007.
*696 Harold C. Hubka, of Cobb & Cole, Daytona Beach, for Appellant.
Matt E. Beal and Zachary J. Bancroft of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellee.
THOMPSON, J.
Hal D. Hicks appeals from an order granting summary judgment for Don Hoagland as receiver for Midwest Transit, Inc. ("Midwest") because Hicks' claim, which sought mortgage foreclosure based upon the breach of a $2.5 million promissory note, was barred by res judicata. We reverse.
The parties had been engaged in extensive and ongoing litigation in Illinois state and federal courts concerning Hicks' conversion of substantial company assets from company use to his personal use. In the Illinois state action, an amended final judgment was entered for Midwest and against Hicks for $21,800,594.45 in 2004.
Hicks sued Midwest in Volusia County Circuit Court in August 2001. He alleged a breach of promissory note, which was executed in June 1998 for $2.5 million. Hicks later amended his complaint to seek foreclosure of a mortgage based on the breach of the $2.5 million note. Hoagland intervened as Midwest's receiver, and the court granted his motion for abatement on the grounds that the pending Illinois state court action concerned the same party and issues. Hoagland also attached Hicks' answer in an action in the U.S. District Court for the Southern District of Illinois, in which Hicks counterclaimed against Midwest for the note at issue in the Volusia County Circuit Court action. It is undisputed that there is only one $2.5 million note and the same alleged default is at issue in the Florida claim and Illinois counterclaims.
In 2004, after the Illinois state court entered its initial final judgment against Hicks, Hoagland sought to amend his affirmative defenses to include collateral estoppel and to amend his set-off defense. Hicks moved to stay the action in Volusia County because he had filed a motion to modify the final judgment order in Illinois.[1] The trial court stayed the action until there was a final judgment in the Illinois state case.
In June 2005, Hoagland moved for an order vacating the stay on the basis of the amended final judgment in the Illinois state court. One paragraph of the Illinois amended final judgment noted that two separate issues had been severed, and the remaining claims had been tried by a bench trial: "[t]he severed claims involving Mideast Transit and Billy Bob's Roadhouse Bar & Grill [were] logically separable *697 and legally distinct from the claims already tried." The Illinois state court had also granted judgment in favor of Midwest and against Hick on "[a]ll claims by [Hicks] against Midwest for monies loaned to Midwest by [Hicks] (2020 account)." Hoagland also attached a copy of Hicks' Illinois counterclaimscount 26 alleged a breach of the promissory note that Hicks alleged in this action. The trial court vacated the stay and permitted Hoagland to amend his affirmative defenses, and Hoagland moved for summary judgment.
Hicks responded to the motion by arguing his federal court counterclaims involving the note were "alive and well." He also alleged that his counterclaim was dismissed before trial in the Illinois state action, but promised that "[t]he Federal Lawsuit will address all issues pertaining to the Promissory Note [and] Mortgage. . . . The Federal Court ruling will adjudicate all issues regarding the promissory note, etc." He claimed counterclaim 26 had been dismissed before the trial, and pointed out the court did not explicitly reference "count 26" in its final judgment. Hicks filed an affidavit from his counsel in the Illinois cases, whose affidavit alleged that "Count twenty-six (26) of Hicks' . . . Counterclaim . . . filed in the Illinois state court action was dismissed (not on the merits) prior to trial, so the judge could continue with his bench trial and avoid issues that would require a jury."
The Volusia County Circuit Court granted summary judgment for Hoagland in December 2005. After Hicks' appeal, the U.S. District Court for the Southern District of Illinois granted summary judgment against Hicks on the basis of res judicata, fully considering and rejecting the arguments Hicks now raises on appeal; namely, that his promissory note counterclaims were dismissed before trial, and that the state court's opinion letter and failure to reference his counterclaim by number showed there was no adjudication on the merits. Though Hicks argued below that the circuit court should not grant summary judgment because the federal suit would resolve all issues, he now argues on appeal that the federal judgment against him is "irrelevant."
We review de novo an order granting summary judgment. Park v. City of W. Melbourne, 927 So.2d 5, 8 (Fla. 5th DCA 2006). Summary judgment is appropriate if there is no genuine issue of material fact and if the movant is entitled to judgment as a matter of law. Id. The party moving for summary judgment has the initial burden of demonstrating the nonexistence of material issues of fact; after the movant has tendered competent evidence supporting its motion, the burden shifts to the other party to come forward with opposing evidence to show a question of material fact exists. Carnes v. Fender, 936 So.2d 11 (Fla. 4th DCA 2006); accord State Farm Mut. Auto. Ins. Co. v. Austin Outdoor, Inc., 918 So.2d 446, 447 (Fla. 4th DCA 2006). "[T]he opposing party must come forward with counterevidence sufficient to reveal a genuine issue." Landers v. Milton, 370 So.2d 368, 370 (Fla.1979). Because summary judgment forecloses the litigant from the benefit of a trial on the merits, courts must exercise caution in granting summary judgment. Bifulco v. State Farm Mut. Auto. Ins. Co., 693 So.2d 707, 709 (Fla. 4th DCA 1997). Accordingly, the procedural strictures in Florida Rule of Civil Procedure 1.510 are neither niceties nor technicalities, but must be observed. Id. "[I]f the record reflects the existence of any genuine issue of material fact . . . or . . . raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party and summary judgment must be denied." Nard, Inc. v. DeVito Contracting & Supply, *698 Inc., 769 So.2d 1138, 1140 (Fla. 2d DCA 2000).
Res judicata bars relitigation of claims that were or should have been raised in the original action. Topps v. State, 865 So.2d 1253, 1254-55 (Fla.2004). If a matter has been decided, the petitioner has had his day in court and the matter generally will not be reexamined again in any court except for appeals by right. Id. at 1255; Zikofsky v. Mktg. 10, Inc., 904 So.2d 520, 523 (Fla. 4th DCA 2005); Burns v. DaimlerChrysler Corp., 914 So.2d 451, 453 (Fla. 4th DCA 2005). For res judicata to apply, there must exist in the prior litigation a "clear-cut former adjudication" on the merits. Park, 927 So.2d at 9; Zikofsky, 904 So.2d at 523. "For res judicata to apply, there must be four identities: (1) identity of thing sued for, (2) identity of cause of action, (3) identity of persons and parties to the action, and (4) identity of quality or capacity of persons for or against whom the claim is made." Burns, 914 So.2d at 453 (citation omitted); accord Zikofsky, 904 So.2d at 523. The related doctrine of collateral estoppel prevents identical parties from re-litigating identical issues that have been determined in a prior litigation. Burns, 914 So.2d at 453. "Collateral estoppel bars a claim only when the issues have been fully litigated and decided in a court of competent jurisdiction." Id. (citation omitted).
The parties and issues were identical. The record also establishes identity of cause of action. The facts and issues supporting the underlying transactiona $2.5 million promissory note executed in June 1998 and the alleged default in 2001 existed at the time the Illinois state court rendered the prior judgment. See Saadeh v. Stanton Rowing Found., Inc., 912 So.2d 28, 31 (Fla. 1st DCA 2005); Tyson v. Viacom, Inc., 890 So.2d 1205, 1209 (Fla. 4th DCA 2005); State St. Bank & Trust Co. v. Badra, 765 So.2d 251, 253 (Fla. 4th DCA 2000). However, the doctrine of res judicata does not apply where there was no adjudication on the merits in the first suit. State St. Bank & Trust Co., 765 So.2d 251, 254. Here, the standard governing summary judgment in Florida is significant. Hicks provided two affidavits from individuals with personal knowledge of his case that stated the promissory note counterclaims were dismissed before trial. These affidavits constitute evidence that, when considered in the light most favorable to Hicks, present "the merest possibility of the existence of a genuine issue of material fact" as to whether his claims were adjudicated on the merits, precluding summary judgment. Nard, Inc., 769 So.2d at 1140.
We decline to consider the federal district court opinion that was not before the trial court when it ruled on the motion for summary judgment. We reverse without prejudice to any right Hoagland may have to introduce the federal judgment in further proceedings, and we take no position on the issue of Hicks' argument below that "[t]he Federal Lawsuit will address all issues pertaining to the Promissory Note [and] Mortgage."
Accordingly, because Hicks' affidavits opposing summary judgment raised a genuine issue of material fact with respect to whether the Illinois state judgment was a final adjudication on the merits of his claim, we REVERSE and REMAND for further proceedings in accordance with this opinion.
SAWAYA and PALMER, JJ., concur.
NOTES
[1] Hicks' motion and affidavit stated he desired to stay the action in Volusia County because he sought modification of the Illinois final order; not because any claims regarding the note were dismissed before trial, as he later argued.