[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13817

_____

D. C. Docket No. 06-81255-CV-WJZ

SAUL FOX,

Plaintiff-Appellant,

versus

PORSCHE CARS NORTH AMERICA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 19, 2008)**

Before ANDERSON, HULL and SILER,[*] Circuit Judges.

PER CURIAM:

_____

[*]Honorable Eugene Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

In this diversity action, plaintiff-appellant Saul Fox seeks to recover attorney's fees and litigation costs under Florida Statute § 681.112 incurred in his successful Florida lemon law arbitration proceeding against defendant-appellee Porsche Cars North America, Inc. ("PCNA"). PCNA argues that the plain language of § 681.112 allows a court to award a consumer, who prevails in a § 681.112 action, "reasonable attorney's fees" incurred in that § 681.112 action, but not attorney's fees incurred in that lemon law arbitration proceeding as sought by Fox. PCNA further argues that attorney's fees are not "damages" under the first sentence of § 681.112 and thus damages (other than attorney's fees) must be sought in the § 681.112 action before a consumer can recover attorney's fees under the second sentence of § 681.112. All parties agree that Florida law controls this appeal.

The Florida Fourth District Court of Appeal, however, already has addressed this question and reached the opposite conclusion, stating that:

> Gelinas's claim for attorney's fees and costs is also cognizable under section 681.112, because where a consumer's vehicle has been deemed a "lemon" by the arbitration board, a violation of [Florida] Chapter 681 has been found, and that consumer can seek attorney's fees and costs under section 681.112 because such cannot be sought from the arbitration board . . . .

Gelinas v. Forest River, Inc., 931 So. 2d 970, 975-76 (Fla. Dist. Ct. App. 2006), review denied, 954 So. 2d 27 (Fla. 2007).  Although the plaintiff in Gelinas did seek to recover other pecuniary losses, the Florida appellate court in Gelinas did not tie or condition the recovery of attorney's fees from Gelinas's successful separate arbitration to Gelinas's seeking additional losses in the § 681.112 action, but concluded that a claim for attorney's fees and costs from the separate arbitration proceeding is "also cognizable under section 681.112."  Id. at 975. Whether we disagree with the Florida District Court of Appeal's reading of this Florida statute is not the issue.  Rather, PCNA has failed to meet its burden of showing there is "some persuasive indication" that the Florida Supreme Court would decide this issue differently than the Florida Fourth District Court of Appeal did in Gelinas.  See Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F.2d 678, 690 (11th Cir. 1983); Flintkote Co. v. Dravo Corp., 678 F.2d 942, 945 (11th Cir. 1982).  Thus, after review and oral argument, we reverse the district court's order granting summary judgment in favor of PCNA, and remand to the district court for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**