SCHWARTZ, Senior Judge.
 

 A Lemon Law New Motor Vehicle Arbitration Board ruled entirely in Sanchez’s favor, determining that his 2005 Chevrolet Equinox was indeed a lemon and ordering General Motors Corporation to give him all he claimed and could receive under the law, including a full reimbursement of the purchase price. See § 681.104(2)(a), Fla. Stat. (2008). After General Motors fully complied with that order, Sanchez brought the present, separate proceeding in the circuit court. While he acknowledged that he had been fully reimbursed under the statute and had incurred no “other damages,” compare Allison
 
 Transmission, Inc. v. J.R. Sailing, Inc.,
 
 926 So.2d 404, 408 (Fla. 2d DCA 2006) (suit for damages permitted in “circumstances where a refund or replacement is not an option” quoting
 
 King v. King Motor Co.,
 
 780 So.2d 937, 941 (Fla. 4th DCA 2001), review denied, 814 So.2d 439 (Fla.2002)), the action sought only to recover the fees incurred by his attorney — which he was permitted, but not required to represent him before the arbitration board. The trial court entered a judgment awarding those fees, but General Motors appeals and we reverse.
 

 Many “policy” arguments have been advanced on both sides of the present, discrete controversy as to the entitlement of attorneys’ fees for the successful representation of a motor vehicle purchaser before the Lemon Law arbitration board. There is no x-eason, let alone need, to traverse these arguments because, as sound pi'inci-ples of judicial decision-making require, we base our holding on already clearly established principles of law and statutory construction.
 

 It is, of course, well established in Flox-ida, which fully endorses the so-called American Rule on the question, that each party, including the successful one, in litigation must oi'dinarily bear the burden of his own attorneys’ fees. See
 
 Trytek v. Gale Indus., Inc.,
 
 3 So.3d 1194, 1198 (Fla.2009);
 
 Price v. Tyler,
 
 890 So.2d 246, 250 (Fla.2004);
 
 Attorney’s Title Ins. Fund, Inc. v. Landa-Posada,
 
 984 So.2d 641, 643 (Fla. 3d DCA 2008). Of the narrow exceptions to this doctrine, the only one which even conceivably applies arises when fees are authorized by statute. But, we hold, no such statute applies. Specifically, the plaintiffs entire reliance on section 681.112(1), Florida Statutes (2008), is misplaced. It provides that
 

 [a] consumer may file an action to recover
 
 damages caused by a violation of this chapter.
 
 The couxt shall award a consumer who prevails
 
 in such action
 
 the amount of any pecuniary loss, litigation costs, reasonable attorney’s fees, and appropriate equitable relief.
 

 (Emphasis added). But, simply put, the term “damages” does not include attorneys’ fees. The square holdings of the Florida Supreme Court in
 
 Hubbel v. Aetna Casualty & Surety Co.,
 
 758 So.2d 94, 97 (Fla.2000), in which the Court stated: “Genei'ally, the law is clear that attorney's
 
 *885
 
 fees are not considered to be a ‘loss’ or damages, and to be recoverable must be expressly provided for by statute, rule, or contract!,]” and in
 
 Bidon v. Department of Professional Regulation,
 
 596 So.2d 450, 452 (Fla.1992), where it was said that “the legislature is presumed to have been aware of the case law excluding attorney’s fees from the recovery of actual or compensatory damages,” leave no doubt as to this proposition. It is therefore clear that the present action, which seeks to recover expenses which are not “damages,” cannot be maintained, and it follows, the second sentence in section 681.112(1), providing for fees in a successful action under that statute, does not apply. Accord
 
 In re Dawson,
 
 158 A.D.2d 756, 551 N.Y.S.2d 344 (N.Y.App.Div.1990);
 
 Schultz v. Subaru of Am., Inc.,
 
 407 Mass. 1004, 553 N.E.2d 893 (1990). But see
 
 Chrysler Corp. v. Maiocco,
 
 209 Conn. 579, 552 A.2d 1207 (1989). See also
 
 Dade County v. Peña,
 
 664 So.2d 959 (Fla.1995) (holding that statutory provision for attorneys’ fees in successful action for loss of wages did not apply to fees incurred in administrative proceeding which resulted in order reinstating county employee with back pay); cf. § 681.1095(13), Fla. Stat. (2008) (attorneys’ fees specifically permitted in Lemon Law proceeding only when manufacturer unsuccessfully appeals from adverse decision of arbitration board). See generally Bob Cohen, Annotation,
 
 Award of Attorney’s Fees under State Motor Vehicle Warranty Legislation (Lemon Laius),
 
 82 A.L.R. 5th 501, §§ 11, 12 (2000); Mary Dee Pridgen, Consumer Protection and the Law,
 
 Remedies
 
 — Damages
 
 and Attorney Fees,
 
 § 15:18 (Westlaw, updated through October 2008).
 

 The appellee argues that
 
 Gelinas v. Forest River, Inc.,
 
 931 So.2d 970 (Fla. 4th DCA 2006), review denied, 954 So.2d 27 (Fla.2007), requires a different result. The trial court agreed but we don’t. In
 
 Gelinas,
 
 the court was faced with the manufacturer’s contention that any claim for attorneys’ fees incurred before the arbitration board was required to be presented to the board itself and was barred because it had not. The court, in accordance with the rule that arbitrators generally lack authority to make attorneys’ fee awards even when the successful party is entitled to them by contract or statute, see, e.g.,
 
 King,
 
 780 So.2d at 937, perhaps correctly held that the board could not make such an award and that the consumer, therefore, was not required to make his claim there. The manufacturer seems not to have argued, and the Fourth District seems not to have considered, analyzed or, much less, resolved the underlying issue of whether those fees are recoverable at all. Having engaged in that process ourselves, we feel unbound by any contrary indications in the language of the
 
 Gelinas
 
 decision. We feel generally the same way about
 
 Fox v. Porsche Cars North America, Inc.,
 
 279 Fed.Appx. 748 (11th Cir.2008), which, indeed, directly holds that these fees are recoverable. In
 
 Fox,
 
 the federal court, in discharging its duty under
 
 Erie R. Co. v. Tompkins,
 
 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to apply the existing law of Florida, felt bound by the
 
 Gelinas
 
 dicta — in the absence of any competing authority. That authority now exists.
 

 Accordingly, the judgment below is reversed with directions to enter judgment for appellant.