PER CURIAM.
Petitioner, Robert Earl Case, Jr., seeks review of a circuit court decision affirming the county court’s entry of final judgment in favor of Respondent, General Motors Corporation, after granting Respondent’s motion for summary judgment. We grant the petition and quash in part the order of the circuit court because the circuit court departed from the essential requirements of the law.
In a petition for writ of certiora-ri, review is limited to determining whether the lower court afforded procedural due process and whether the lower court applied the correct law. Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003). A petition for certiorari should only be granted when there has been a violation of a clearly established principle of law. Id. A “clearly established law” may “derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law.” Id. at 890.
In the county court, Petitioner filed suit against Respondent seeking damages, attorney’s fees for representation during Lemon Law arbitration, and pre-judgment interest. The county court granted Respondent’s motion for summary judgment and entered final judgment in Respondent’s favor by finding that Petitioner failed to allege a violation of chapter 681, which was a pre-requisite to his claims for damages and pre-judgment interest, and that Petitioner was not statutorily entitled *1060 to attorney’s fees from arbitration. On appeal, the circuit court affirmed the final judgment without discussion.
The circuit court applied the correct law when it affirmed the portion of the county court’s order finding that Petitioner was not statutorily entitled to receive attorney’s fees for representation during Lemon Law arbitration. Gen. Motors Corp. v. Sanchez, 16 So.3d 883 (Fla. 3d DC A 2009). However, the circuit court departed from the essential requirements of the law when it affirmed those portions of the county court’s order finding that Petitioner failed to allege a violation of chapter 681 in his complaint. Gelinas v. Forest River, Inc., 931 So.2d 970 (Fla. 4th DCA 2006), review denied, 954 So.2d 27 (Fla.2007). We accordingly grant the petition and quash the circuit court’s decision only as to Petitioner’s claims for damages and pre-judgment interest.
GRANTED.
BARFIELD, DAVIS, and ROBERTS, JJ., concur.