MAY, J.
Florida’s “Lemon Law” — Does it authorize an award of attorney’s fees incurred during arbitration of the refund option? That is the question in this appeal. An auto manufacturer appeals a judgment awarding the vehicle owner such fees. It argues that the “Lemon Law” does not *935 provide for such an award. We agree and reverse.
The owner purchased a car, but sought relief under Florida’s Lemon Law[1] after experiencing trouble with it. The owner initially filed a claim with the Council of Better Business Bureaus, Inc. (BBB). The manufacturer responded by offering to repurchase the car and provide a full refund. Because the owner wanted to recover attorney’s fees, she rejected the settlement offer and the BBB decision.
The owner then proceeded to arbitration through the Florida New Motor Vehicle Arbitration Board. In a letter to the owner’s counsel, the manufacturer reiterated its offer to repurchase the car and make a net refund of $11,000. Once again, the owner rejected the offer because it did not include attorney’s fees.
The owner then filed a complaint in circuit court, pursuant to section 681.112, Florida Statutes (2006), seeking recovery for pecuniary loss, litigation costs, reasonable attorney’s fees, and appropriate equitable relief. The owner moved for partial summary judgment on the entitlement to recover attorney’s fees incurred in the arbitration. At the hearing, the owner’s attorney advised: “We are only seeking attorney’s fees and litigation costs ... for the arbitration itself and the fees for seeking fees in this case.” The trial court granted the motion; the owner then moved to determine the amount of attorney’s fees.
The manufacturer subsequently filed its own motion for summary judgment on the issue based on a newly issued opinion, General Motors Corp. v. Sanchez, 16 So.3d 888 (Fla. 3d DCA 2009). The court denied the motion, and entered a final judgment against the manufacturer in the amount of $19,350, which included $5,000 for fees incurred in the arbitration and $14,350 for fees incurred in the lawsuit. The trial court also awarded expert witness fees and taxable costs.
We have de novo review of the issue as it involves a matter of statutory interpretation. Am. Honda Motor Co., Inc. v. Cerasani, 955 So.2d 543, 545 (Fla.2007).
On appeal, the manufacturer argues that attorney’s fees incurred in arbitrating a Lemon Law claim do not constitute “damages” under section 681.112. The owner responds that our opinion in Gelinas v. Forest River, Inc., 931 So.2d 970 (Fla. 4th DCA 2006), authorized the fee award. The manufacturer replies that Gelinas did not decide the issue. Alternatively, if Ge-linas did decide the issue, it was wrongly decided.
We begin our analysis by reviewing the pertinent statutory language of section 681.112.
A consumer may file an action to recover damages caused by a violation of this chapter. The court shall award a consumer who prevails in such action the amount of any pecuniary loss, litigation costs, reasonable attorney’s fees, and appropriate equitable relief.
§ 681.112(1), Fla. Stat. (2006) (emphasis added). The plain language of the statute allows a consumer to “file an action to recover damages” and provides for attorney’s fees to a prevailing consumer, but only in “such action.” The plain language does not authorize an action solely for attorney’s fees.
We discussed the term “damages” as used in section 681.112 in King v. King Motor Co. of Fort Lauderdale, 780 So.2d 937, 941 (Fla. 4th DCA 2001).
Section 681.112(1) uses the term “damages” and indicates that a prevailing *936 consumer may recover “the amount of any pecuniary loss.” When discussing the replacement/refund option, the statute uses the terms “refund,” “replacement,” “relief,” and “compliance” with an arbitration decision.' This difference in terminology indicates that the statute uses the term “damages” to mean something other than the replacement/refund option. As used in section 681.112(1), “damages” should be given its plain and ordinary meaning of pecuniary compensation recovered by a person who has suffered a loss caused by a violation of Chapter 681.
Id. at 941 (emphasis added) (citation omitted).
The Third District Court of Appeal has similarly held that “damages” in section 681.112(1) do not envision attorney’s fees incurred in Lemon Law arbitration. Gen. Motors Corp. v. Sanchez, 16 So.3d 883, 884-85 (Fla. 3d DCA 2009). As Judge Schwartz wrote, “[it is] well established in Florida, which fully endorses the so-called American Rule on the question, that each party, including the successful one, in litigation must ordinarily bear the burden of his own attorneys’ fees. Of the narrow exceptions to this doctrine, the only one which even conceivably applies arises when fees are authorized by statute.” Id. at 884 (citations omitted). We concur with the Third District that “simply put, the term ‘damages’ does not include attorneys’ fees.”[2] Id.
To the extent that the owner interprets Gelinas as authorizing an action under section 681.112 solely for fees incurred in an arbitration proceeding seeking the refund option, we held no such thing. As the manufacturer argues, this court was not asked to decide that issue in Gelinas. Rather, we were asked to decide whether the trial court had erred in granting a summary judgment precluding the claimant from bringing a cause of action for other pecuniary losses unrecoverable in a Lemon Law claim. We held that section 681.112 provided recovery for damages “unrelated to refund or replacement of the vehicle.” Gelinas, 931 So.2d at 975. We decided nothing more.
Here, the owner filed suit solely for the recovery of attorney’s fees incurred in pursuing the refund option in arbitration. If the owner had sought recovery for some “damage” other than attorney’s fees and prevailed, then the fee provision of section 681.112 would have been triggered. But, “damages” under section 681.112 do not include attorney’s fees incurred in pursuing the refund option through arbitration.

Reversed and Remanded.

HAZOURI and CIKLIN, JJ„ concur.

. § 681.112, Fla. Stat. (2006).

. This holding is also consistent with our supreme court’s decision in Hubbel v. Aetna Casualty & Surety Co., 758 So.2d 94, 97 (Fla. 2000).