MAY, J.
On a return trip to this court, the manufacturer appeals a judgment consisting of attorney’s fees incurred during the arbitration of the refund option in a Lemon Law claim. It argues the trial court erred in its award of attorney’s fees for that arbitration proceeding. We agree and reverse.
This litigation began after the consumer successfully secured a refund of his 1999 vehicle from Florida’s New Motor Vehicle Arbitration Board. Nine months later, the consumer filed a complaint seeking an award of “pecuniary loss[es], litigation costs, reasonable attorney’s fees, and appropriate equitable relief,” pursuant to section 681.112, Florida Statutes (2000).
The manufacturer moved to dismiss the complaint, which the trial court denied. The manufacturer then served the consumer with a Proposal for Settlement in the amount of five thousand dollars. The manufacturer next moved for summary judgment, and argued that the “additional damages” sought by the consumer were not recoverable under the Lemon Law statute.
The trial court granted summary judgment for the manufacturer and awarded attorney’s fees and costs. The consumer appealed. In its first trip to this court, we reviewed the summary judgment entered for the manufacturer on all claims, which consisted of attorney’s fees, costs, and pecuniary losses. It was because the complaint alleged “pecuniary losses” other than attorney’s fees generated in the arbitration proceeding that we found the trial court had erred in entering summary judgment. Gelinas v. Forest River, Inc., 931 So.2d 970 (Fla. 4th DCA 2006). We held that the consumer “was permitted to bring claims for attorney’s fees and costs and pecuniary losses unrelated to refund or replacement of the vehicle in a lawsuit subsequent to Lemon Law arbitration via section 681.112.” Id. at 975. We did so based on the plain language of the statute. Id. We also had to reverse the fees and costs awarded to the manufacturer, pursuant to the Proposal for Settlement, until the underlying claim was finally resolved. We remanded the case back to the trial court for proceedings consistent with our opinion. Id. at 976.[1]
Upon remand, the consumer pursued his action to recover attorney’s fees incurred in the arbitration action and engaged in discovery. The manufacturer again moved for summary judgment and argued the attorney’s fees that accrued exclusively during the arbitration of the refund option were not recoverable in a separate court action under section 681.112. The consumer filed a response along with a cross-motion for partial summary judgment on the issue of entitlement to attorney’s fees.
*539 Based on our opinion in Gelinas, the trial court ruled that the consumer was entitled to “an adjudication of his damages consisting of attorney’s fees, costs and pecuniary losses.” The trial court found the consumer was entitled to a hearing on the amount of fees and costs “even if no evidence is presented regarding other pecuniary losses.”
After an evidentiary hearing, the trial court entered an “Order Determining Attorney’s Fees and Prevailing Party Issue” and awarded the consumer $4606.50 in attorney’s fees incurred in the underlying arbitration. The trial court found the award exceeded seventy-five percent of the Proposal for Settlement and the consumer was the prevailing party on the “significant issues.” The trial court denied the motion for rehearing and/or clarification.
Following a recent decision in General Motors Corp. v. Sanchez, 16 So.3d 883 (Fla. 3d DCA 2009), the manufacturer requested the trial court to revisit the issue. The trial court declined.
In a separate hearing, the trial court determined the amount of fees and costs incurred in litigating the attorney’s fees issue. The trial court entered an Amended Final Judgment, awarding a total of $221,700.37. Due to an error in the calculation, the trial court entered a Second Amended Final Judgment, and awarded a total of $187,475.84 for fees, costs, and prejudgment interest. The manufacturer now appeals.
Our court and the Third District Court of Appeal have had the occasion to address the underlying issue of whether “damages” as used in section 681.112, includes attorney’s fees incurred during the arbitration of the refund option. See Gen. Motors LLC v. Bowie, 58 So.3d 934 (Fla. 4th DCA 2011); Sanchez, 16 So.3d 883. Following the lead of the Third District in Sanchez, we held that “damages” do not include attorney’s fees incurred in arbitrating the refund option in a Lemon Law claim. Bowie, 58 So.3d 934 Significantly, the consumer did not claim any other “pecuniary loss.”
For the same reason, we reverse and remand this case to the trial court for entry of a judgment in favor of the manufacturer and for re-consideration of the Proposal for Settlement.

Reversed and Remanded.

DAMOORGIAN and LEVINE, JJ., concur.

. The Florida Supreme Court denied review. Forest River, Inc., v. Gelinas, 954 So.2d 27 (FIa.2007).