DAMOORGIAN, J.
 

 Chrysler Group, LLC (“Chrysler”)
 
 [1]
 
 appeals the final judgment granting the Musacchias’ claim for attorney’s fees under section 681.112(1), Florida Statutes (2006). We reverse based upon our recent decision in
 
 General Motors v. Bowie,
 
 58 So.3d 934 (Fla. 4th DCA 2011).
 

 By way of background, the Musacchias leased a new Jeep Commander in 2006. After experiencing numerous problems with the vehicle, they filed a request for arbitration with the Lemon Law New Motor Vehicle Arbitration Board, contending the vehicle was a “lemon” and requesting a refund.
 
 See
 
 § 681.104(2)(a), Fla. Stat. (2006). The arbitration board determined that the vehicle was a “lemon” and ordered Chrysler to refund the Musacchias for the purchase price of the vehicle minus a rea
 
 *142
 
 sonable offset for use. No appeal was taken from the arbitration board’s order.
 

 After Chrysler’s compliance with the arbitration order, the Musacchias filed a lawsuit under section 681.112(1) seeking to recover the attorney’s fees they incurred in the arbitration. The trial court entered a judgment awarding those fees. This appeal follows.
 

 As in
 
 Bowie,
 
 the issue before us is whether the attorney’s fees incurred during the Lemon Law proceeding before the arbitration board constitute “damages” recoverable pursuant to section 681.112(1). We have recently held that “ ‘damages’ under section 681.112 do not include attorney’s fees incurred in pursuing the refund option through arbitration.”
 
 General Motors,
 
 58 So.3d at 935.
 

 In this case, the Musacchias filed a suit solely for the purpose of recovering attorney’s fees incurred in the arbitration. Accordingly, the judgment awarding attorney’s fees is reversed with directions to enter judgment for the appellant.
 

 Reversed.
 

 GROSS, C.J., and POLEN J., concur.
 

 [1]
 

 . Chrysler Group was substituted in as a party in lieu of Chrysler LLC pursuant to the Stipulation for Substitution of Parties that was entered as an order by the circuit court.