[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15141
_____

D.C. Docket No. 0:11-cv-60248-CMA

FRANKLIN VASQUEZ,

Plaintiff - Appellant,

versus

YII SHIPPING COMPANY, LTD.,

Defendant - Appellee.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 30, 2012)

Before BARKETT and PRYOR, Circuit Judges, and LAWSON,[*] District Judge.

BARKETT, Circuit Judge:

Franklin Vasquez, a seaman and former employee of YII Shipping

Company, Ltd. ("YII"), a Bahamian corporation, appeals the dismissal of his

---

[*] Honorable Hugh Lawson, United States District Judge for the Middle District of Georgia, sitting by designation.

complaint against YII alleging violations of the Jones Act, 46 U.S.C. § 30104 (2006), and federal maritime law of unseaworthiness, failure to provide maintenance and cure, and failure to treat Vasquez for injuries he suffered when a gas-powered tool exploded in his hands while working aboard a cargo ship owned by YII, severely burning his left arm, ear, and the left side of his mouth.  Vasquez originally filed this suit in Florida court, which dismissed his claims based on Florida's doctrine of forum non conveniens, and the dismissal was affirmed on appeal.  Vasquez then brought the same claims in federal district court, arguing that federal maritime law applied to his case and that venue was not improper under federal forum non conveniens principles.  Although the Florida court never decided whether federal maritime law was applicable to Vasquez's case, the district court ruled that under principles of res judicata and collateral estoppel, Vasquez was precluded from litigating facts relevant to his federal maritime claims.  The district court then dismissed Vasquez's complaint on the grounds of federal forum non conveniens and the Rooker-Feldman doctrine based on its application of collateral estoppel and res judicata.  Vasquez contends that the Rooker- Feldman doctrine is inapplicable, and that the Florida court's dismissal on the basis of Florida's doctrine of forum non conveniens cannot, under principles of collateral estoppel and res judicata, preclude a federal court from determining whether federal maritime law applies in his case.

2

We vacate and remand because, as amplified below, the Rooker-Feldman doctrine is a narrow doctrine that only applies to an attempt to appeal a state court judgment. The issues pertaining to the Florida forum non conveniens doctrine are not the same as those pertaining to the federal maritime choice of law issues and, thus, we are not asked to review, for appellate purposes, the Florida ruling. Moreover, collateral estoppel applies only when identical issues are involved and that is not the case here. Likewise, res judicata applies only to a final judgment on the merits and, therefore, is not applicable here where there has been no merits determination.

## I. Applicability of the Rooker-Feldman Doctrine

The Rooker-Feldman doctrine provides that under "limited circumstances[,]" the Supreme Court's "appellate jurisdiction over state-court judgments . . . precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate . . . ." Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005) (internal citation omitted). In Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), the Supreme Court held that the district court lacked jurisdiction to determine whether a state court had rendered a decision that was contrary to the federal Constitution, holding that the proper course was to appeal the state court's decision to the U.S. Supreme Court. See Rooker, 263 U.S. at 415-16. Similarly, in District

of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), the Supreme Court held that the federal district court and court of appeals lacked jurisdiction to review the appellant's claims that the District of Columbia Court of Appeals had misapplied its own rules regarding bar admissions. See Feldman, 460 U.S. at 486.

In short, the doctrine holds that federal courts below the Supreme Court must not become a court of appeals for state court decisions. The state court appellant has to find a state court remedy, or obtain relief from the U.S. Supreme Court. The Rooker-Feldman doctrine is "confined to cases" that, like Rooker and Feldman, were "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobile Corp. v Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (emphasis added).[1]

In this case, Vasquez's lawsuit does not seek appellate review of the state court's decision applying Florida's forum non conveniens rules to his claims. Instead, Vasquez seeks review of the district court's order that federal maritime law does not apply to his case, an issue not resolved by the state court. "[I]f United States law is applicable, the American court should retain jurisdiction rather than relegate the controversy to a foreign tribunal." Szumlicz v. Norwegian Am. Line,

---

[1] We determine the applicability of Rooker-Feldman by "adher[ing] to the language in Exxon Mobile[] delineating the boundaries of the Rooker-Feldman doctrine." Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009).

Inc., 698 F.2d 1192, 1195 (11th Cir. 1983) (internal quotation marks omitted).

Vasquez is not asking a federal court to review and reject a judgment of the state

court because the Florida court never addressed the issue Vasquez asks us to

resolve.  See Feldman, 460 U.S. at 487 (holding Rooker-Feldman doctrine

inapplicable to "claims [that] do not require review of a judicial decision in a

particular case").

Here, the district court determined that Rooker-Feldman required dismissal

because it effectively concluded that the Florida court's factual determinations

have preclusive effect.  The question of whether a federal court may review factual

issues determined by a state court is a question of collateral estoppel and res

judicata, whereas the Rooker-Feldman doctrine is "confined to cases" that "invit[e]

district court review and rejection of judgments" entered by a state court.   Exxon

Mobile Corp., 544 U.S. at 284; see id. at 293 (contrasting scope of Rooker-

Feldman with preclusion principles).  Therefore, it is not the Rooker-Feldman

doctrine that would prohibit the district court or this court from addressing

Vasquez's federal claim.

## II. Claim and Issue Preclusion

Alternatively, YII argues that even if this court is not precluded from

reviewing this case pursuant to the Rooker-Feldman doctrine, Vasquez was

precluded from litigating the applicability of his Jones Act and other claims by

Florida's  doctrine of collateral estoppel—or "issue preclusion." [2]  This doctrine prevents a party from litigating issues that have already been determined in another proceeding.  See Dep't of Health and Rehabilitative Servs. v. B.J.M., 656 So.2d 906, 910 (Fla. 1995).  However, collateral estoppel does not apply unless "the particular matter [was] fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction" and "the parties and  issues [are] identical" to those involved in another proceeding.  Id. [3]

Setting aside the question of whether there was a final judgment in this case, the issues that Vasquez seeks to litigate in federal court— the applicability of federal maritime law and federal venue in the Southern District of Florida— are not "identical" to those adjudicated by the Florida court in dismissing his complaint under Florida's doctrine of forum non conveniens.  The two issues are simply not the same as they involve different principles of law which are subject to the application of different relevant facts.  Under the federal maritime choice-of-law test, applicable to Jones Act seafarers in federal district court, a case should

---

[2] Under the Full Faith and Credit Act, 28 U.S.C. § 1738 (2006), we generally must give a state court judgment "the same effect that it would have in the courts of the State in which it was rendered." Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 369 (1996).  Determining the preclusive effect of a state court judgment requires us "to refer to the preclusion law of the State in which judgment was rendered." Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985).

[3] "We . . . review de novo a district court's determination of res judicata or collateral estoppel." EEOC v. Pemco Aeroplex, Inc., 383 F.3d 1280, 1285 (11th Cir. 2004).

not be dismissed on grounds of forum non conveniens if federal maritime law applies to the case, which is determined in part by whether the defendant ship-owner is found to have a base of operations in the United States.  See Hellenic Lines Ltd. v. Rhoditis, 398 U.S. 306 (1970); Szumlicz, 698 F. 2d at 1195.  In contrast, the Florida courts have repeatedly held that Florida's doctrine of forum non conveniens applies independently of federal choice-of-law rules and that, unlike in federal courts, a case may be dismissed under Florida's doctrine of forum non conveniens regardless of whether the Rhoditis "base of operations" test and other federal choice-of-law requirements are fulfilled.  See Guerra v. Selsdon Mar. Corp., 711 So.2d 1298, 1298 (Fla. Ct. App. 1998) ("Even if . . . the action is properly maintainable under the Jones Act on the principle adopted in [Rhoditis], the trial court correctly concluded that forum non conveniens is applicable to such an action in the Florida state courts . . . .") (internal citations omitted); see also Valdivia v. Prestige Cruises, N.V., 898 So.2d 271, 272 (Fla. Ct. App. 2005) (affirming dismissal based on forum non conveniens without consideration of federal maritime choice-of-law standards); Tananta v. Cruise Ships Catering & Servs. Int'l, N.V., 909 So.2d 874, 881-84 (Fla. Ct. App. 2004) (en banc) (contrasting federal maritime choice-of-law analysis with Florida's forum non conveniens doctrine).

7

Although both Florida and the federal "base of operations" test under Rhoditis consider the extent of the defendant's business operations, Florida's forum non conveniens doctrine considers only business activities in Florida that are related to the incidents that gave rise to the plaintiff's lawsuit.  In Cortez v. Palace Holdings, S.A., 66 So. 3d 959, (Fla. Ct. App. 2011), for example, even though the defendants had corporate headquarters located in Florida, none of those corporate divisions were involved in the tortious conduct and therefore the case was dismissed on Florida's rule of forum non conveniens.  See Cortez, 66 So. 3d at 963-964.  Likewise, in Tananta, the location of the corporate defendant's marketing arm in Florida was "inconsequential" because these marketing operations "had nothing whatsoever to do with" the injury that the plaintiff suffered.  See 909 So.2d at 886; see also Calvo v. Sol Melia, S.A., 761 So. 2d 461, 464 (Fla. Ct. App. 2000) (holding that "[t]he presence in Florida of corporate subsidiaries whose conduct is unrelated to the claim is not relevant" for Florida's forum non conveniens analysis) (emphasis added).

In contrast, under Rhoditis, business activities in the United States can satisfy the "base of operations" requirement regardless of whether the particular activities in question were related to the plaintiff's injury.  See, e.g., Rhoditis, 398 U.S. at 307-08 (holding "base of operations" requirement fulfilled where defendant kept its largest office in New York, was 95% owned by a U.S. domiciliary who

8

had lived in the United States for twenty-five years, and derived its "entire income" from shipping cargo to or from the United States); Szumlicz, 698 F.2d at 1195 (holding "base of operations" requirement fulfilled where record reflected that the defendants maintained offices in Florida and New York, operated cruise ships out of two ports in Florida and elsewhere in the U.S., offered special rates to customers in the Continental United States, and employed shipping agents and a doctor in Ft. Lauderdale, Florida); cf. Cooper, 575 F.3d at 1178 (holding "base of operations" requirement unmet absent "information demonstrating that the U.S. is where [the defendants'] operations occur, management decisions are made or revenues are generated"); Membreño v. Costa Crociere S.P.A., 425 F.3d 932, 937-38 (11th Cir. 2005) (analyzing U.S. parent corporation's control over foreign defendant's day-to-day business operations, volume of business performed in the U.S., and number of days spent by entire fleet at U.S. ports).

Thus, the two issues significantly differ insofar as the scope of business activities that are relevant to a forum non conveniens analysis in Florida is narrower than the scope of business activities that can satisfy the "base of operations" requirement prescribed by Rhoditis.[4]

---

[4] Moreover, the two analyses also differ insofar as Florida's forum non conveniens test considers the extent of the defendant's business activities in Florida alone, whereas the Rhoditis analysis considers business activities in the entire United States. Compare Rolls-Royce, Inc. v. Garcia, 77 So.3d 855, 861-72 (Fla. Ct. App. 2012) (reversing where trial court erroneously considered defendant's activities outside of Florida), with Rhoditis, 398 U.S. at 307 (considering business activities in the entire U.S.). The district court noted this discrepancy and gave

9

The Florida court's order dismissing Vasquez's complaint addressed only those business activities that were related to Vasquez's injury, noting that the vessel on which Vasquez was injured had not sailed to the United States or Florida, did not include crew members from the United States or Florida, and that Vasquez's injury occurred in Bahamian waters.  The state court did not evaluate the totality of YII's business activity in Florida, such as the number of shipping runs to and from Florida by all of YII's owned and chartered vessels, the amount of revenue derived by YII in Florida, or whether YII maintains any employees or offices there.  Thus, the Florida court's order did not consider and determine factual issues that are relevant to the federal choice-of-law analysis under Rhoditis but that are not relevant to Florida's law of forum non conveniens.

Because of these differences between the two issues, they are not "identical" for purposes of Florida issue-preclusion law.  See Dep't of Health & Rehabilitative Servs., 656 So. 2d at 910.  Indeed, in its order dismissing Vasquez's complaint under Florida's doctrine of forum non conveniens, the Florida court expressly stated that it was not analyzing the scope of YII's business contacts with Florida under Rhoditis, and that it would apply only the test for forum non conveniens delineated by the Florida Supreme Court.  See Kinney Sys. v. Cont'l Ins. Co., 674

preclusive effect only to the state court's determination in regard to business activity conducted wholly in Florida.  We need not address whether this kind of partial application of collateral estoppel to a sub-issue is correct since we have noted that the issues differ in other significant respects and the factual issues underlying both analyses are different.

10

So. 2d 86, 93 (Fla. 1996).[5]  Therefore, the district court erred in giving the Florida court's determination issue-preclusive effect on the distinct issue of whether YII Shipping maintains a "substantial base of operations" in the United States under Rhoditis.

Nor do we find merit in YII's argument that Vasquez's claims were barred by the doctrine of res judicata.  Under Florida law, the doctrine of res judicata prevents the same claims from being litigated by the same plaintiff against the same defendant as in a previous proceeding.  See Hicks v. Hoaglund, 953 So. 2d 695, 698 (Fla. Ct. App. 2007).  However, Florida's doctrine of res judicata applies only if the litigation in the previous proceeding resulted in a judgment on the merits.  See id. ("For res judicata to apply, there must exist in the prior litigation a clear-cut former adjudication on the merits.") (internal quotation marks omitted); Otto's Heirs v. Kramer, 797 So. 2d 594, 596 (Fla. Ct. App. 2001) ("It is apodictic that the doctrine of res judicata applies only when there has been a determination on the merits of the controversy").  As the district court recognized, the purpose of res judicata "is that a final judgment in a court of competent jurisdiction is absolute and settles all issues actually litigated in a proceeding as well as those issues that

---

[5]  For that reason, we do not regard the Florida court's unexplained use of the term "base of operations" on page two of its order as a factual determination of that issue under Rhoditis. The use of that phrase does not suggest that the Florida court made any determination of YII's base of operations as that term is used in Rhoditis given the Florida court's explicit ruling that it would not analyze Vasquez's case under Rhoditis.

could have been litigated." Engle v. Liggett Grp., Inc., 945 So. 2d 1246, 1259 (Fla. 2006). A judgment is on the merits "when it amounts to a declaration of the law as to the respective rights and duties of the parties based upon the ultimate facts disclosed by the pleadings and evidence and upon which the right of recovery depends." J. Schnarr & Co. v. Virginia-Carolina Chem. Corp., 159 So. 39, 42 (Fla. 1934).

Here, the Florida court's order dismissing Vasquez's claims under forum non conveniens was not a judgment on the merits because it did not resolve "the respective rights and duties of the parties." See id. Rather, the Florida court refused to exercise jurisdiction over the controversy in order to permit the parties to litigate in another forum. See Kinney, 674 So.2d at 87 (describing forum non conveniens as applying where "a local court technically has jurisdiction over a suit but the cause of action may be fairly and more conveniently litigated elsewhere").[6] "At bottom, the doctrine of forum non conveniens is nothing more or less than a supervening venue provision" and is "a matter that goes to process rather than substantive rights," Am. Dredging Co. v. Miller, 510 U.S. 443, 453 (1994),[7] and

---

[6] See also Hicks, 953 So.2d at 698 (holding genuine issue of fact existed as to whether previous judgment had a preclusive effect where relevant claims may have been dismissed before trial); Prestige Rent-A-Car v. Advantage Car Rental & Sales, 656 So. 2d 541, 544-545 (Fla. Ct. App. 1995) (holding res judicata inapplicable where previous dismissal was based on lack of jurisdiction).

[7] Although the Florida court's order dismissed Vasquez's claims "with prejudice," the inclusion of the phrase "with prejudice" does not by itself endow an order that was not entered

dismissal of a claim for improper venue does not bar a plaintiff from litigating the same claim in a later proceeding.[8] The Florida court's dismissal on the ground of forum non conveniens does not bar Vasquez from bringing his claims in federal court.

Accordingly, the district court erred in dismissing Vasquez's complaint under the Rooker-Feldman doctrine and in applying collateral estoppel and res judicata to Vasquez's claim that U.S. maritime law is applicable in his case. On remand, the district court must consider all of YII's business contacts with Florida and with the rest of the United States in determining whether the base of operations requirement as well as all other factors have been fulfilled pursuant to Rhoditis. See Hellenic Lines Ltd. v. Rhoditis, 398 U.S. 306 (1970); Lauritzen v. Larsen, 345 U.S. 571 (1953).

**VACATED and REMANDED**

---

on the merits with preclusive effect under Florida law. See Swinney v. City of Tampa, 707 So.2d 765, 765 (Fla. Ct. App. 1998) (holding that previous ordered entered "with prejudice" did not have preclusive effect); Prestige Rent-A-Car, 656 So. 2d at 543 (same).

[8] "A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim . . . [w]hen the judgment is one of dismissal . . . for improper venue . . . ." Restatement (Second) of Judgments § 20 (1982) (discussing limitations on applicability of res judicata).