[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16395
Argument Calendar

_____

D.C. Docket No. 0:11-cv-60248-CMA

FRANKLIN VASQUEZ,

Plaintiff-Appellant,

versus

YII SHIPPING COMPANY, LTD.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 14, 2014)

Before PRYOR, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

This appeal requires us to decide whether the district court erred when it

dismissed a seaman's complaint against his Bahamian employer because the

employer lacked a base of operations in the United States. Franklin Vasquez sued

YII Shipping Company, Ltd., for negligence under the Jones Act, 46 U.S.C. § 30104, unseaworthiness, maintenance and cure, and failure to treat after he suffered an injury on a vessel in Bahamian waters. YII Shipping moved to dismiss the complaint for forum non conveniens. YII Shipping argued that federal maritime law did not apply to Vasquez's complaint. In support of that argument, YII Shipping alleged that it did not have a base of operations in the United States because it derived only 15 percent of its income from shipping cargo between Florida and the Bahamas, Bahamian citizens owned 60 percent of the company, a Bahamian citizen and resident ran the daily operations of the company, and the company was incorporated and had its principal place of business in the Bahamas. The district court dismissed Vasquez's complaint based on forum non conveniens. We affirm.

## I. BACKGROUND

Vasquez, a resident of the Dominican Republic, worked for YII Shipping as a member of the crew aboard the merchant vessel *Yeocomico*, a cargo ship registered in Honduras and owned by YII Shipping. In 1999, YII Shipping interviewed and hired Vasquez in Port Dania, Florida, where he signed his initial employment contract. Vasquez signed his later employment contracts, including

2

the contract that governed his employment when his injury at work occurred, in the Bahamas.

YII Shipping is incorporated in the Bahamas, and its principal place of business is Nassau, Bahamas. Between 2005 and 2009, dozens of companies based in the United States hired YII Shipping to ship merchandise from Florida to the Bahamas. YII Shipping rents warehouse space in Port Everglades, Florida, where it directs customers to send their cargo. From June 24, 2004, through December 13, 2009, vessels owned or chartered by YII Shipping made 241 visits to ports of the United States. YII Shipping derives approximately 15 percent of its total income from shipping between the United States and the Bahamas.

Four shareholders own YII Shipping. Lisbon Higgs owns two of the five shares of YII Shipping, which amounts to a 40 percent interest in the company. Libson is a dual citizen of the United States and the Bahamas and resides in Hollywood, Florida. Libson retired from YII Shipping in 2002 and plays no role in the daily operations of the company. Vaughn Higgs, Libson's son, manages YII Shipping and owns a single share of the company. Vaughn is a Bahamian citizen and resides in the Bahamas, although he maintains a phone number and mailing address in Florida for personal use. Two other Bahamians own the remaining two shares.

3

YII Agency, Inc., a Florida corporation, exclusively manages YII Shipping as its sole client, and YII Shipping pays YII Agency for its management services. YII Agency maintains its offices and agents in Fort Lauderdale, Florida, and YII Shipping has, at times, listed the Fort Lauderdale address of YII Agency as its own address. Lisbon owns YII Agency and signed the office lease for YII Agency, and Vaughn oversees the bank accounts for YII Agency. But YII Shipping does not direct the rate calculations charged by YII Agency.

In June 2007, Vasquez suffered severe burns to the left side of his body from an explosion on the *Yeocomico* while it was docked in Freeport, Bahamas. Vasquez first received treatment in the Bahamas, then in the Dominican Republic, and finally in Florida, two months after the accident and on his own initiative. The *Yeocomico* had sailed exclusively inter-island routes in the Bahamas when Vasquez's accident occurred and had done so for the previous two years.

Vasquez first filed his suit in a Florida court, but that court dismissed his complaint based on the doctrine of forum non conveniens under Florida law. A Florida court of appeals affirmed the dismissal.

Vasquez then filed a complaint against YII Shipping in the district court, which dismissed the complaint based on the federal doctrine of forum non conveniens and the *Rooker-Feldman* doctrine. *Vasquez v. YII Shipping Co., Ltd.,*

4

692 F.3d 1192, 1195 (11th Cir. 2012); *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923). We vacated that dismissal. *Vasquez*, 692 F.3d at 1195. We concluded that the *Rooker-Feldman* doctrine was inapplicable because of differences between the Florida doctrine of forum non conveniens and the corresponding federal doctrine. *Id.* at 1195–96. And we concluded that the analysis by the district court of forum non conveniens was incomplete. *Id.* at 1199. We remanded for the district court to "consider all of YII's business contacts with Florida and with the rest of the United States in determining whether the base of operations requirement as well as all other factors have been fulfilled pursuant to [*Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306, 90 S. Ct. 1731 (1970)]." *Id.* at 1200.

On remand, the district court correctly identified the following seven factors to determine whether federal maritime law applied: the place of the wrongful act, the flag under which the ship sails, the allegiance of domicile of the injured party, the allegiance of the defendant shipowner, the place of the contract between the injured party and the shipowner, the accessibility of a foreign forum, and the law of the forum. *Lauritzen v. Larsen*, 345 U.S. 571, 583–92, 73 S. Ct. 921, 928–33 (1953). As we required in our mandate, the district court also considered the eighth factor identified by the Supreme Court in *Rhoditis* and found that YII Shipping did

5

not have a "substantial base of operations" in the United States. The district court also alluded to its earlier ruling that the other seven factors "weigh heavily against applying the maritime law of the United States, including the Jones Act." The district court ruled that federal maritime law did not apply to Vasquez's complaint and dismissed based on forum non conveniens.

## II. STANDARDS OF REVIEW

Three standards of review apply to this appeal. First, we review for clear error the finding of the district court that YII Shipping did not have a substantial base of operations in the United States. *Membreño v. Costa Crociere S.P.A.*, 425 F.3d 932, 935 (11th Cir. 2005). Second, we review *de novo* whether the maritime law of the United States applies to a controversy. *Id.* Third, we review for abuse of discretion whether the district court erred when it dismissed the complaint based on the federal doctrine of forum non conveniens. *Id.* at 935–36.

## III. DISCUSSION

If a plaintiff files a complaint that invokes admiralty jurisdiction, a district court may not dismiss the complaint based on forum non conveniens if federal maritime law applies. *Szumlicz v. Norwegian Am. Line, Inc.*, 698 F.2d 1192, 1195 (11th Cir. 1983). If federal maritime law does not apply, then the district court considers the traditional criteria of forum non conveniens to determine whether it

6

should exercise jurisdiction over the case. *Id.* at 1195. Vasquez argues that federal maritime law governs his complaint because YII Shipping has a base of operations in the United States, but we disagree.

The district court did not clearly err when it found that YII Shipping did not have a substantial base of operations in the United States. YII Shipping is a Bahamian company that derives an insubstantial percentage of its income from business transacted through use of ports in the United States. And Vasquez's arguments that the district court failed to consider material evidence about this issue fail.

Vasquez argues that the district court should have found a base of operations in the United States because Libson and Vaughn owned 60 percent of YII Shipping, but that argument misconstrues the relevant ownership interests for a finding of a base of operations. Libson, the only owner who is a citizen or resident of the United States, owns only 40 percent of YII Shipping and retired in 2002 and is the president of YII Shipping in name only. But Vaughn, who manages the day-to-day operations of YII Shipping, is not a citizen of, and does not reside in, the United States. He maintains a mailing address and telephone number in Fort Lauderdale, but those contacts do not transform him into a resident of Florida.

7

Vasquez also argues that YII Shipping initially hired him in Fort Dania, Florida, but the location of his initial employment contract does not determine the base of operations of a shipowner. And Vasquez signed the operative contract for the date of his injury in the Bahamas, not Florida.

Vasquez also argues that the district court should have pierced the corporate veil between YII Shipping and YII Agency because YII Shipping exerts an inordinate amount of control and "domination" over YII Agency, but he fails to explain how either company fraudulently used the corporate form to cause his injury. Under Florida law, courts may not pierce the corporate veil absent proof of misconduct. *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120–21 (Fla. 1984); *see also Membreño*, 425 F.3d at 936 ("Corporate distinctions generally may not be disregarded absent fraud, improper conduct, illegality, or bad faith."). A plaintiff must prove that "the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent and the shareholders were in fact alter egos of the corporation," the corporate form was "used fraudulently or for an improper purpose," and "the fraudulent or improper use of the corporate form caused injury to the claimant." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. Dist. Ct. App. 2008) (quoting *Seminole Boatyard, Inc. v. Christoph*, 715 So. 2d 987, 990 (Fla. Dist. Ct.

8

App. 1998)). Vasquez offered no proof of fraudulent use of the corporate form or a related cause of his injury.

Vasquez does not dispute that several factors weigh against the application of the maritime law of the United States: Vasquez suffered his alleged injury in the Bahamas; the *Yeocomico* flies under the Honduran flag; Vasquez is domiciled in the Dominican Republic; YII Shipping is incorporated in the Bahamas and has its principal place of business in Nassau; Vasquez signed the operative shipping articles in the Bahamas; the Bahamas provides an accessible forum; and YII Shipping has resisted defending this suit in the United States. Vasquez instead urges us to hold that a shipowner's base of operations trumps all other choice of law considerations, but, as we have already explained, the district court did not clearly err when it found that YII Shipping did not have a substantial base of operations in the United States. The district court did not abuse its discretion when it dismissed Vasquez's complaint for forum non conveniens.

## IV. CONCLUSION

We **AFFIRM** the dismissal of Vasquez's complaint for forum non conveniens.

9