LAWSON, C.J.
This foreclosure action presents an issue that does not appear to have been previously addressed in Florida: Whether the dismissal of a foreclosure action for lack of standing operates as an adjudication on the merits for purposes of res judicata. We hold that it does not, and affirm. See Cutler v. Hayes, 818 F.2d 879, 888 (D.C.Cir.1987) (“Standing ranks amongst those questions of jurisdiction and justicia-bility not involving an adjudication on the merits, whose disposition will not bar relit-igation of the cause of action originally asserted, but may preclude, or collaterally estop, relitigation of the precise issues of jurisdiction adjudicated.” (footnotes omitted)); McCarney v. Ford Motor Co., 657 F.2d 230, 233 (8th Cir.1981) (“[A] dismissal based on standing is not “on the merits” and therefore will not act as a bar to a later suit.”); Batterman v. Wells Fargo Ag Credit Corp., 802 P.2d 1112, 1118 (Colo.App.1990) (noting that dismissal of a suit for lack of standing is also not “on the merits” of the underlying substantive claim and thus does not bar relitigation of cause of action previously asserted based on res judicata); Gilbert v. Nampa Sch. Dist. No. 131, 104 Idaho 137, 657 P.2d 1, 4 (1983) (holding that prior dismissal for lack of standing was not an adjudication on the merits under language identical to rule 1.420(b); subsequent suit not barred by *1271 res judicata); Fed. Home Loan Mortg. Corp. v. Schwartzwald, 134 Ohio St.3d 18, 979 N.E.2d 1214, 1223 (2012) (“The lack of standing at the commencement of a foreclosure action requires dismissal of the' complaint; however, that dismissal is not an adjudication on the merits and is therefore without prejudice. Because there has been no adjudication on the underlying indebtedness, our dismissal has no effect on the underlying duties, rights, or obligations of the parties.” (internal citation omitted)). No other issue merits discussion.
AFFIRMED.
EVANDER and COHEN, JJ., concur.