[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17022
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00212-LGW-GRS


SULLIVAN'S ADMINISTRATIVE MANAGERS II, LLC,

Plaintiff-Appellant,

versus

GUARANTEE INSURANCE COMPANY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 27, 2017)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Sullivan's Administrative Managers II, LLC (SAM II) appeals from the district court's final judgment against SAM II and in favor of Guarantee Insurance Company (Guarantee) in the amount of $1,376,537.35, plus interest.[1] On appeal, SAM II argues that the district court should not have granted Guarantee's motion for summary judgment on SAM II's claims and Guarantee's counterclaims on res judicata and collateral estoppel grounds because the district court applied Florida state law, instead of Georgia state law. After careful review of the record and the parties' briefs, we affirm.

## I. Procedural History

In July 2012, SAM II filed a complaint in Georgia state court against Guarantee, Ullico Casualty Company (Ullico), and Patriot National Insurance Group, Inc. (Patriot), alleging that Guarantee misreported and overbilled SAM II for claims and expenses related to workers' compensation and employers liability insurance policies issued by Guarantee. Specifically, SAM II alleged claims for negligent misrepresentation, breach of contract, fraud, conversion, and racketeering, in violation of Georgia's RICO statute, O.C.G.A. § 16-14-4.

---

[1] On May 19, 2017 we remanded this case to the district court to determine all matters related to the form and substance of the final judgment, and granted Guarantee's motion for leave to amend its counterclaim pleadings on appeal. Because the district court entered its final judgment, and Guarantee sufficiently amended its counterclaim pleadings to establish the district court's diversity jurisdiction over the case at the time the action was removed to federal court, we have jurisdiction to hear the appeal. *See* Fed. R. App. P. 4(a); 28 U.S.C. §§ 1291, 1332(a)(1), 1653.

2

In August 2012, the defendants removed the case to federal court in the Southern District of Georgia, invoking the district court's diversity-based subject matter jurisdiction under 28 U.S.C. § 1332. With regard to the citizenships of the parties, the defendants alleged that: (1) SAM II was a Georgia limited liability company whose sole member, Martin Sullivan, was a resident of Georgia; (2) Guarantee was a Florida corporation with its principal place of business in Florida; (3) Patriot was a Florida corporation with its principal place of business in Florida; and (4) Ullico was a Delaware corporation with its principal place of business in Washington, D.C.. In the attached complaint, SAM II made the same citizenship allegations, except it identified Martin Sullivan as its CEO, instead of its sole member, and alleged that Patriot was a Delaware corporation, instead of a Florida corporation. The defendants filed an answer, in which they admitted the citizenship allegations in the complaint, including that Patriot was a Delaware corporation with its principal place of business in Florida.

Guarantee brought four counterclaims for breach of contract against SAM II, alleging that SAM II failed to pay deductible premiums owed under the terms of four workers' compensation insurance policies. In December 2012, upon a joint stipulation by the parties, the district court dismissed SAM II's RICO claim without prejudice. SAM II moved for partial summary judgment, Guarantee, Ullico, and Patriot moved for summary judgment on SAM II's claims against

them, and Guarantee moved for summary judgment on its counterclaims.  Prior to addressing these motions, and again upon a joint stipulation by the parties, the district court dismissed SAM II's claims against Ullico without prejudice.

On August 23, 2013, the district court entered an order (1) denying SAM II's motion for partial summary judgment; (2) granting Patriot's motion for summary judgment on SAM II's claims; (3) denying Guarantee's motion for summary judgment on SAM II's claims; and (4) denying Guarantee's motion for summary judgment on its counterclaims.  The court noted that SAM II and Guarantee disputed several critical facts, including the parties to the workers' compensation policies and the express and incorporated terms of the policies.  In particular, the parties disputed who the policies named as the principal insured, as Guarantee contended that the policies were issued to SAM I, while SAM II contended that the policies were issued to SAM II.

In January 2014, Guarantee filed a second motion for summary judgment on both SAM II's claims and Guarantee's counterclaims under the doctrines of res judicata and collateral estoppel, in light of a December 2013 Florida state court judgment entered against SAM I and in favor of Guarantee.  Guarantee explained that, in February 2012, it had sued SAM I in Florida state court, alleging breach-of-contract claims based on SAM I's failure to pay the deductible premiums due under the four workers' compensation insurance policies.

4

While that Florida state court action was pending, SAM II filed the instant lawsuit in Georgia state court, claiming that, rather than premiums being owed to Guarantee, Guarantee had overbilled premiums and misreported claims and expenses under the same policies. In the Florida action, Guarantee moved for summary judgment on its breach-of-contract claims, which the Florida court granted, entering a final judgment against SAM I and in favor of Guarantee in the amount of $1,376,537.35, plus interest on December 11, 2013. Guarantee contended that the Florida court's December 2013 judgment precluded SAM II from litigating its claims and defenses in the instant action, as the pending claims and issues here were essentially connected to those resolved by the Florida court, and SAM II was identical to, or in privity with, SAM I.

In July 2014, the district court, recognizing that SAM I had appealed the December 2013 Florida judgment, stayed Guarantee's motion for summary judgment until the appeal in the Florida action had been decided and administratively closed the case until such time. In December 2015, Guarantee notified the district court that the Florida appellate court had affirmed the December 2013 judgment.

On October 11, 2016, the district court granted Guarantee's motion for summary judgment, concluding that the instant action was barred by res judicata and collateral estoppel because the Florida state court proceedings involved the

5

same parties and causes of action as the instant action and resulted in a judgment on the merits.

On October 21, 2016, pursuant to the district court's October 11, 2016 order granting Guarantee's summary-judgment motion, Guarantee moved for entry of a final judgment on its counterclaims in its favor and against SAM II in the amount of $1,376,537.35, plus interest. On November 4, 2016, SAM II filed a notice of appeal from the court's October 11, 2016 order.

On appeal, we issued two jurisdictional questions to the parties, one concerning the district court's diversity-based jurisdiction to hear the case, and the other concerning whether the district court's October 11, 2016 order was final in light of the pending motion for entry of judgment. The parties responded to the jurisdictional questions, and in its response Guarantee moved for leave to amend its counterclaim, pursuant to 28 U.S.C. § 1653. On May 19, 2017, we granted Guarantee's motion to amend its counterclaim, deemed the amended pleading sufficient to establish the district court's diversity-based subject matter jurisdiction over the action at the time it was removed, and remanded the case to the district court for entry of judgment. On May 26, 2017, the district court entered final judgment against SAM II in the amount of $1,376,537.35, plus interest.

## II. Standard of Review

We review de novo the district court's grant of summary judgment. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013).  In our review, we view the facts and draw all reasonable inferences in the light most favorable to the party against whom the summary-judgment motion is brought.  *Id*.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial" and we therefore must affirm the district court's grant of summary judgment.  *In re Optical Techs., Inc.*, 246 F.3d 1332, 1334 (11th Cir. 2001) (internal quotation marks omitted).

Whether res judicata applies is a question of law that we review de novo. *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011).  When "asked to give *res judicata* effect to a state court judgment, [we] must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation."  *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006) (alteration in original) (internal quotation marks omitted).  We review the district court's factual determinations that underlie its res judicata conclusion for clear error.  *Richardson v. Ala. State Bd. of Educ.*, 935 F.2d 1240, 1244 (11th Cir. 1991).

Whether collateral estoppel is available is a question of law that we review de novo.  *CSX Transportation, Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333, 1336–37

7

(11th Cir. 2017).  We apply the law of collateral estoppel that the state court applied in reaching its judgment when considering whether to give the judgment preclusive effect.  *Vazquez v. Metro. Dade Cty.*, 968 F.2d 1101, 1106 (11th Cir. 1992).  Our review of what claims were actually litigated in the district court is for clear error.  *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1501-02 (11th Cir. 1984).

## III. Discussion

SAM II[2] argues that the district court's error in applying Florida law to this case barred its ability to litigate all of its claims, and therefore res judicata and collateral estoppel cannot apply.  This argument fails, however, because the district court was required to give preclusive effect to the Florida state courts' application of their state law in the Florida action, *see* 28 U.S.C. § 1738, and SAM II concedes in its brief that "the Florida courts correctly *applied* relevant Florida statutory and case law."  Nevertheless, we address his arguments for res judicata and for collateral estoppel in turn.

The Florida law regarding res judicata, or claim preclusion, applies in this case because the Florida state courts' application of Florida law in the Florida action is the bar that has prevented SAM II from future litigation.  *See Kizzire*, 441

---

[2] SAM II does not dispute that it litigated the Florida action against Guarantee, although SAM II used "SAM I" in that litigation.  Therefore, for the sake of clarity, we will only refer to SAM II throughout the rest of this opinion.

F.3d at 1308.  Res judicata applies under Florida law when there is "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; [and] (4) identity of the quality [or capacity] of the persons for or against whom the claim is made."  *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1074 (11th Cir. 2013) (second alteration in original).  The prior litigation must also have resulted in a merits-based determination of the original claim.  *Id.*

Here, SAM II only disputes that the causes of action were different in the Florida action and the district court, but SAM II makes the same arguments in regards to the workers' compensation policies at issue in both courts, and therefore res judicata applies, even if he did not raise the same defenses.  *See Florida Real Estate Comm'n v. Harris*, 134 So. 2d 785, 788 (Fla. 1961) ("We neither favor piecemeal review [nor] the allowing a litigant the right to two appeals.  We have held many times that a judgment is conclusive as to defenses which have or might have been set up." (citations omitted)); *see also Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (stating that res judicata "bar pertains not only to claims that were raised in the prior action, but also to claims that could have been raised previously." (citation omitted))

For the identity of the cause of action element, the question is if both actions share the same facts or evidence necessary to bring them.  *Tyson v. Viacom, Inc.*,

9

890 So. 2d 1205, 1209 (Fla. Dist. Ct. App. 2005).  In the district court, SAM II brought negligent misrepresentation, fraud, breach of contract, and conversion claims.  All of those claims were either brought or could have been brought in the Florida action.  In bringing these claims, SAM II used the same facts and evidence in its arguments pertaining to the premiums owed under the workers' compensation policies at issue in the Florida action.  Whether or not the Florida trial and appellate courts were correct is not the issue before this court; rather, it is whether SAM II has litigated these claims before in a prior proceeding.  SAM II has, and because the res judicata elements are present here, res judicata barred SAM II's action in district court.  *See Jones v. Gann*, 703 F.2d 513, 515 (11th Cir. 1983) ("A party may successfully raise [the res judicata] defense in a Rule 56 summary judgment motion by introducing sufficient information into the record to allow the court to judge the validity of the res judicata defense.").

Collateral estoppel, or issue preclusion, exists under Florida law if "(1) an identical issue, (2) has been fully litigated, (3) by the same parties or their privies, and (4) a final decision has been rendered by a court of competent jurisdiction." *Quinn v. Monroe Cty.*, 330 F.3d 1320, 1329 (11th Cir. 2003).  Collateral estoppel keeps parties from "litigating issues that have already been determined in another proceeding." *Vasquez v. YII Shipping Co.*, 692 F.3d 1192, 1196 (11th Cir. 2012).  Here, SAM II has previously litigated the questions of whether Florida law applies,

10

whether there is evidence of policy delivery to SAM II, how the doctrine of *lex loci contractus* applies to this case, and whether Florida statute § 627.291, which requires an insured to exhaust administrative remedies prior to bringing suit, should prevent SAM II from bringing defenses and counterclaims.  These issues have been litigated in the Florida state courts, but nonetheless, SAM II brought the same action in a Georgia district court, again claiming that Georgia law should apply to this case.  The Florida appellate court affirmed the judgment of $1,375,537.35, plus interest in the Florida trial court and therefore SAM II should not get a second bite out of the apple or a second appeal in the Georgia district court.  SAM II is collaterally estopped from bringing its claims again in district court.

## IV. Conclusion

SAM II has spent several years bringing claims against Guarantee that it is foreclosed from bringing because of the res judicata and collateral estoppel doctrines.  The actions brought in Florida state court and in the district court involve the same parties, claims, issues, and the Florida action had a judgment on the merits.  There are no genuine issues of material fact as to whether res judicata or collateral estoppel is present here.  Accordingly, we must affirm the district court.

**AFFIRMED.**

11