[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-13837

Non-Argument Calendar

————————————————

JANICE DENISE BAKER,

Plaintiff-Appellant,

*versus*

RESNICK & LEWIS, P.C.,
MACY'S FLORIDA STORES,
BRIAN L. HARVELL ESQ,
ROBERT J. SQUIRRE ESQ,
BRYAN BOYSAW ESQ, et al.,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-81257-AMC

_____

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Janice Baker, proceeding *pro se*, appeals the *sua sponte* dismissal of her 42 U.S.C. § 1983 complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  On appeal, she argues that: (1) the defendants committed professional misconduct and violated her disability rights; (2) the district court erred in denying her right to pursue her claim *in forma pauperis* ("IFP"); and (3) the state court wrongly decided her case.  After careful review, we affirm.

Section 1915(e) provides that an *in forma pauperis* action or appeal shall be dismissed at any time if the court determines that it fails to state a claim for which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii), using the same standards that govern Fed. R. Civ. P. 12(b)(6) dismissals.  *Mitchell v. Farcass*, 112 F.3d 1483, 1489–90 (11th Cir. 1997).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Jackson v. BellSouth Telecomms.*, 372

F.3d 1250, 1262 (11th Cir. 2004) (quotations omitted). To prevail on a civil rights action under 42 U.S.C. § 1983, a plaintiff must establish that she was deprived of a federal right by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

We hold *pro se* pleadings to a less stringent standard and liberally construe them. *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). However, that "leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (quotations omitted). An appellant abandons an issue by failing to challenge it on appeal. *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (involving a *pro se* litigant). An appellant also abandons a claim where she presents it only in "passing references" or "in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal." *Id.* (quoting *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009)). We may exercise our discretion to consider a forfeited issue if: "(1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern." *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*).

Additionally, we generally lack jurisdiction to directly review state court judgments, as "federal courts are not a forum for appealing state court decisions." *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988); *Vasquez v. YII Shipping Co.*, 692 F.3d 1192, 1195 (11th Cir. 2012) ("[F]ederal courts below the Supreme Court must not become a court of appeals for state court decisions.").

Here, Baker has abandoned any challenge to the district court's dismissal of her case, because, even when construing her brief liberally, Baker failed to properly challenge the district court's dismissal of her case. *See Campbell*, 760 F.3d at 1168–69; *Irwin*, 40 F.3d at 347 n.1; *Sapuppo*, 739 F.3d at 681. Rather than argue that 28 U.S.C. § 1915(e)(2)(B)(ii) did not apply to her, Baker repeated her theory that she was wronged by the defendants without a supporting factual basis. Notably, these minimal and undeveloped allegations do not establish how 42 U.S.C. § 1983 applied to her. *See West*, 487 U.S. at 48. As a result, Baker only provided conclusory allegations and failed to allege sufficient facts to state a plausible claim, and it was not error for the district court to dismiss her complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Mitchell*, 112 F.3d at 1489–90; *Iqbal*, 556 U.S at 678; *Jackson*, 372 F.3d at 1262. Nor do any of the exceptions that may allow us to consider a forfeited issue apply to Baker's appeal. *See Campbell*, 26 F.4th at 873.

In short, Baker has abandoned any challenge to the district court's dismissal of her complaint. *See Irwin*, 40 F.3d at 347 n.1; *Sapuppo*, 739 F.3d at 681. Moreover, to the extent she challenges the findings from her state court case, we lack jurisdiction to hear

22-13837                 Opinion of the Court                 5

an appeal from that court. *See Staley*, 837 F.2d at 1018; *Vasquez*, 692 F.3d at 1195. Accordingly, we affirm the district court's dismissal of Baker's claim and the denial of IFP. *See Mitchell*, 112 F.3d at 1489–90; *Iqbal*, 556 U.S at 678; *Jackson*, 372 F.3d at 1262.

**AFFIRMED.**