**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10818
Non-Argument Calendar
_____

KAIVON MITCHELL,

                                                              *Petitioner-Appellant,*

*versus*

HAYS SP WARDEN,

                                                              *Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:24-cv-00120-RSB-CLR
_____

Before JILL PRYOR, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Kaivon Mitchell, pro se, filed an application for certificate of appealability ("COA") while his 28 U.S.C. § 2254 action was pending in the district court.  He requested that we issue a COA "for an

appeal from the Superior Court of Ware County February 16, 2024 final judgment denying habeas corpus relief." He attached a copy of a final order entered by the Superior Court of Ware County, Georgia, on January 16, 2024, denying a writ of habeas corpus. The district court docketed Mitchell's filing as a notice of appeal in March 2025.

Although Mitchell clearly expressed his intent to appeal to us, we lack jurisdiction to review a state court decision. *See* 28 U.S.C. §§ 1291, 1294(1); *Vasquez v. YII Shipping Co.*, 692 F.3d 1192, 1195 (11th Cir. 2012) ("[F]ederal courts below the Supreme Court must not become a court of appeals for state court decisions.").

To the extent that Mitchell seeks to appeal orders entered in his § 2254 action at the time he filed his notice of appeal, none of those orders are final decisions, as they did not end the litigation on the merits or even address any of his grounds for relief. *See* 28 U.S.C. § 1291 (providing jurisdiction over "appeals from all final decisions of the district courts"); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) ("A final decision is one which ends the litigation on the merits." (quotation marks omitted)). Those procedural orders are not appealable under the collateral order doctrine because there is nothing to suggest that they will be effectively unreviewable on appeal. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it conclusively resolves an important issue

25-10818               Opinion of the Court               3

collateral to the merits and is effectively unreviewable on appeal from a final judgment).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.  All pending motions are DENIED as moot.